Lee, J.
In every caveat founded on the alleged better right of the caveator to the land in controversy, the first enquiry is as to his title or interest in the subject. He cannot recover upon the mere infirmity of the title of the caveatee, for however defective that may be, no one has a right to interpose for the purpose of preventing him from carrying his entry into grant unless he have a better right, legal or equitable in himself, except only in the class of cases provided for by § 24 and 29 of the Code (p. 483), authorizing any person in case of violation of the provisions of previous sections referred to, by a locator, to enter a caveat against the emanation of a grant. Field v. Culbreath, 2 Call 547; Currie v. Martin, 3 Call 28; Walton v. Hale, 9 Gratt. 194; Harper, &c. v. Baugh, &c, Ibid. 508. And the same rule prevails in Kentucky as shown by repeated adjudications under their statute which was taken from our act of 1779, and is believed to be in all respects substantially the same. Patterson's dev. v. Bradford, Hardin’s R. 101; Hendricks v. Bell, 1 Bibb’s R. 138; Justices of Allen County v. Allen, 2 A. K. Marsh. R. 30; Whitley v. Shirley, 3 Ibid. 131. In truth the rule as applied in cases of caveat on the ground of better right, is but another phase of the principle which authorizes a defendant in ejectment (not being himself a trespasser who has wrongfully entered upon the peaceable possession of the plaintiff and ousted him of it (Tapscott v. Cobbs, &c. 11 Gratt. 172), to defeat the action by showing an outstanding better title in another; Haldane v. Harvey, 4 Burr. R. 2484; Crisp v. Barber, 2 T. R. 749; Martin v. Stra *348 chan, 5 T. R. 107, 110, note (a); Lyons v. Brown, Gilm. 105, 118; Bull. Nis. Pri. 110; and which even in a writ of right, when that action was in use, where the demandant relied upon a constructive seizin, permitted the tenant to disprove such seizin and prevent a recovery by showing an elder grant or a better title in another. Green v. Watkins, 7 Wheat. R. 27; Bolling v. Mayor, &c. of Petersburg, 3 Rand. 563.
In this case it is agreed that the land embraced by the caveatee’s survey lies wholly within the boundaries of a tract of four thousand acres granted to 4one Eichard Smith by patent bearing date 21st of February 1788, and that this four thousand acre tract had never been forfeited to the commonwealth under her revenue laws or otherwise. Thus it was not liable to entry, either as waste and unappropriated, or as forfeited land, and the entry of the caveator so far as it embraced the land covered by the survey of the caveatee, being wholly unauthorized by law, was simply void and could confer no equity whatever. And a grant founded upon such void entry would pass nothing, there being indeed nothing in the commonwealth upon which the grant could operate. Whittington v. Christian, 2 Rand. 353; Hannon, &c. v. Hannah, 9 Gratt. 146; Levasser v. Washburn, 11 Gratt. 572; Atkins, &c. v. Lewis, &c. 14 Gratt. 30. Having therefore no equity, the caveator fails to show the better right upon which only can he maintain his caveat; and although the caveatee’s entry may be equally invalid and give him no better equity, yet in equali jure potior est conditio defendentis.
Another objection has been made to the caveator’s case involving the question whether an assignment of an entry made under our act providing the mode of acquiring title to waste and unappropriated, and since the Code of 1849, to forfeited, lands, is valid so as to authorize the assignee to maintain a caveat in his own *349 name against another who shall have obtained a survey of the same land, as the caveator in this case claims under an assignment from one Smith by whom the entry was made. As however the first objection must prove fatal to the caveator’s case, I deem it unnecessary at this time to express any opinion upon this question.
I think the caveat was properly dismissed, and am of opinion to affirm the judgment.
The other judges concurred in the opinion of Lee, 1.
Judgment affirmed.