Statement.

# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

SLOCUM v. COMPTON.

JULY 9, 1896.

Absent, Harrison, J.

1. EJECTMENT—*Verdict for Part of Land—Requisites of Verdict.*—Where the verdict, in an action of ejectment, is for a part only of the land sued for, the boundaries of the part recovered should be designated. The verdict must be certain in itself, or must refer to some certain standard by which to ascertain the land so found, otherwise it will be too uncertain to warrant a judgment upon it.

2. EJECTMENT—*Title by " Court-right" Proceedings—Possession at that Time.*—A plaintiff in ejectment who does not rely upon a grant from the Commonwealth, but endeavors to show that he has acquired the Commonwealth's title to the land in controversy by acts done and proceedings had under section 41, chapter 108, of the Code of 1873, as amended by the act of March 6, 1880 (Acts 1879–'80, ch. 214, p. 205), must bring himself within the terms of the act. The act provides, amongst other things, for a continuous settlement for five years and the payment of taxes within that time by the person having settled the same, and the title of the Commonwealth is to be relinquished to the person in possession of the land, claiming the same under such settlement, after having taken certain " court-right" proceedings therein provided for. If it appears that those under whom the plaintiff claims were not in possession of the land when they instituted the " court-right" proceedings provided for by that section, then the proceedings were without authority of law, and conferred no rights upon the parties claiming under them, and the plaintiff cannot recover.

Error to judgments of the Circuit Court of Buchanan county, rendered June 2, 1894, and February 27, 1895, in an action of ejectment wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*E. S. Finney,* for the plaintiff in error.

*W. E. Burns,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff brought an action of ejectment in the Circuit Court of Buchanan county to recover two tracts of land, one containing 1,400, and the other 1,600, acres.  Upon the trial of the cause there was a verdict for the plaintiff in the following words: " We, the jury, find for the plaintiff the land in controversy in an estate in fee simple, except the land the defendant has fenced up, and the land conveyed to the defendant by B. W. Compton and Mary A., his wife." Upon motion of the defendant the verdict was set aside, and a new trial awarded.

Upon the second trial the defendant, without introducing any evidence, demurred to the plaintiff's evidence, the court sustained the demurrer, and gave judgment for the defendant.

The action of the court in setting aside the verdict upon the first trial, and in rendering judgment for the defendant upon the demurrer to the evidence upon the second trial is assigned as error here.

Where a verdict is for a part only of the land sued for, the boundaries of the part recovered should be designated. The verdict must be certain in itself, or must refer to some certain standard by which to ascertain the land so found, otherwise it will be too uncertain to warrant a judgment upon it.   *Callis* v. *Kemp,* 11 Gratt. 84; *Gregory* v. *Jackson,* 6 Munf. 25.

The verdict upon the first trial was plainly insufficient, and the court did not err in setting it aside.

There is nothing in the case to take it out of the general rule that the plaintiff in an action of ejectment must show that she is the owner of the legal title to the land sued for.

The plaintiff, in making out her title, did not introduce in evidence, or rely upon a grant from the Commonwealth, but endeavored to show that she had acquired the Commonwealth's title by acts done, and proceedings had under section 41, of chapter 108 of the Code of 1873, as amended by chapter 214 of the Acts of Assembly 1879-80, p. 205. That section is as follows:

"No location of any land office warrant upon any land which shall have been settled continuously for five years previously, upon which taxes shall have been paid at any time within the said five years by the person having settled the same, or any person claiming under him, shall be valid; and any title which the Commonwealth shall have to such land shall be hereby relinquished to the person in possession of the land claiming the same under such settlement and payment to the extent of the boundary line enclosing the same; provided said boundary line shall not include more than fifteen hundred acres, and every person so in possession, so claiming, may have such land surveyed, and before the court of the county where such land, or any part thereof lies, prove such settlement for such time and such payment; whereupon such court shall order the plat and certificate of such survey to be recorded. Thereafter the said record shall be conclusive evidence in any controversy between the claimant thereunder and any person claiming under a location of the said land made after such order. This act shall relate as well to land forfeited for the non-payment of taxes, or the failure to have the same entered on the commissioner's books, or both these causes, and to land escheated or escheatable, and to waste and unappropriated land."

The plaintiff introduced in evidence portions of the record in two *ex parte* proceedings had in the Circuit Court of that county under sections 13 and 14 of chapter 164 of the Code of 1873 (Code of 1887, sections 3340 and 3341), which provide where and how the contents of lost or illegible records may be proved and preserved, to show that her vendors, Baldwin and Beavers, had acquired the Commonwealth's title to the land sued for by virtue of a settlement made upon it and proceedings had under section 41 of chapter 108 of the Code of 1873, as amended, and quoted above; the original papers in "the court right" or "settlement right" proceedings (as they are called in those counties where they are most common), and the record made of them, having been destroyed by fire. From the report of the commissioner of the Circuit Court, setting up these lost records, it appeared that the grantors of the plaintiff, in the year 1882, had caused to be surveyed each of the tracts of land claimed by the plaintiff, as vacant land; that they produced before the County Court a plat and survey of each parcel; proved that they had possessed the same for five years, had paid taxes thereon within that period; that no other person claimed the land; that the court ordered the survey and plats to be recorded; that they, together with the orders directing it, were properly recorded in the clerk's office of the County Court, and that both the record and the originals in the "court right" proceedings had been destroyed by fire.

She also introduced in evidence a deed for the land in controversy, executed to her on the 26th day of May, 1883, by Baldwin and Beavers, the parties who had instituted the "court right" proceedings. After putting in evidence some other papers, not material to the question under consideration, she proved by Baldwin, one of her vendors, and her only witness, "that he [was] one of the grantors in the deed to Mary E. Slocum; that the land described in the entry made in the name of G. W. Rife, and assigned by Rife to

Beavers and Baldwin, was the same as the land in contro-
versy; that he, witness, made the entry for Rife, and that Rife
then lived within about one-quarter of a mile of the land in
controversy, and had a very small portion of it cleared and
enclosed; that it had been so cleared and enclosed some ten
or twelve years before the date of said entry, and that at
the time he, witness, made the survey for the court right,
the father of the defendant was in the possession of the G.
W. Rife land, but did not live on the land covered by the
court right papers, being the 3,000 acres in litigation; that
in making the said survey he ran through one or two of
Compton's fields, and that he offered to run out a piece of it to
Compton, meaning defendant's father, but that Compton said
that he had all he wanted; that neither witness nor Beavers
had ever been in possession of the land; that he lived about
twelve miles from it; that the defendant was in possession
of the land; that he lived about ten miles from it and
Beavers about twelve miles from it; that the defendant was
in possession of the land and claimed it at the time of bring-
ing this suit."

The evidence of the plaintiff not only failed to show that
she was entitled to recover the land in controversy, but
clearly showed that she had no such right. She did not
bring herself, or those under whom she claims, within the
provisions of the statute upon which she relied to show that
she had acquired the Commonwealth's title, or had the right
to recover the land from the defendant. The object of the
statute was to protect actual settlers upon the lands of the
Commonwealth which were subject to entry, and those in
possession of such lands claiming under them. It was never
intended that persons should under its provisions acquire
title to her lands without paying anything therefor, except
where they had been actually settled, as required by the
statute, and were in the possession of the original settlers,
or those claiming under them, when proceedings were had

in the County Court under the statute for the purpose of obtaining record evidence of their rights in the lands, and in order to protect themselves from the subsequent location of land-office warrants thereon.   The statute only provides for the relinquishment of the Commonwealth's title " *to the person in possession of the land claiming the same under such settlement,* and payment to the extent of the boundary line enclosing the same   *   *   *   and every person *so in possession,* so claiming may have such land surveyed, and before the court of the county where such land or any part thereof lies, prove such settlement for such time and payment; whereupon such court shall order the plat and certificate of such survey to be recorded."

It appears clearly by her own evidence that her vendors, Baldwin and Beavers, were not in possession of the land when they instituted the " court right" proceedings under which they and she claimed.   This being true, the proceedings were without authority of law, and conferred no rights upon the parties claiming under them.

The judgment of the court upon the demurrer to the evidence is right, and must be affirmed.

*Affirmed.*