# Wytheville.

MINNICK v. WOODS.

June 9, 1910.

Absent, Harrison, J.

1. PUBLIC LANDS—*Grants—Caveat—Title of Caveator.*—A caveator whose caveat is founded on his alleged better right to the land in controversy cannot recover upon the mere infirmity of the title of the caveatee, for, however defective that may be, no one has the right to interpose for the purpose of preventing the caveatee from carrying his entry into a grant unless he has a better right, legal or equitable, in himself. Moreover, the caveator must state in his caveat the grounds on which he claims the better right to the land in controversy, and he will not be allowed to claim under one right in his caveat and prove a different one.

2. PUBLIC LANDS—*Warrant—Possession—Notice—Code, Sections 2311 and 2312.*—If any person locates a warrant on land in the actual possession of another under color of title, and fails to give him notice thereof in writing as prescribed by section 2311 of the Code, then it becomes the duty of the party having such possession and claim himself to locate a land office warrant thereon, as provided by section 2312 of the Code, else he cannot maintain a caveat to prevent the issuing of a grant for the land so located.

3. PUBLIC LANDS—*Grant—Caveat—Title and Possession of Caveator.*—Where a warrant is located on wild mountain land, principally in original forest, unenclosed and uncultivated, and there is no evidence of actual possession of any part of the land at the date of the survey and entry, a caveator cannot prevent a grant to the caveatee by showing a paper title in himself, unconnected with the Commonwealth, for a period of over twenty years, that he had on several occasions cut and removed timber and tan-bark from the land, and that about four years prior to the survey and entry by the caveatee the caveator had pulled down a cabin which had been erected on the land and occupied by one of the claimants. Evidence of title and possession of that

kind does not show such better right, legal or equitable, in the caveator as should authorize him to interfere and prevent the caveatee from carrying his entry into a grant.

4. Public Lands—"*Court Right Proceedings*"—*Possession—Subsequent Locators—Code, Section 2339.*—In order to acquire title to land by "Court Right Proceedings" under section 2339 of the Code, the party must be in possession of the land at the time such proceeding is instituted. Furthermore, the title so acquired is only protected under said section against locators after the date of the order of the court directing the record of the plat and certificate of survey provided for by said section, and not against prior locators.

Error to a judgment of the Circuit Court of Patrick county in a caveat proceeding. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. A. Thompson* and *R. E. Woolwine*, for the plaintiff in error.

*J. M. Hooker*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

The defendant in error having located a land office warrant on 77 3-4 acres of land on the headwaters of Johnson's creek, in Patrick county, as waste and unappropriated land, filed with the register of the land office the requisite papers and made application for a grant. The plaintiff in erro<sup>..</sup> by *caveat*, resisted the issuing of the grant on the following grounds: First, because at the time the survey was made the caveator was in actual possession of the land claiming the same under written color of title duly recorded, extending back for many years, and that the caveatee failed to give him the notice required by section 2311, Va. Code, 1904; Second, that the land in question is not vacant and unappropriated land, but is included in a grant of land in 1853 to

Samuel Bowman (under whom the caveator claims), lying in Carroll and Patrick counties; and, Third, that, if for no other reason, the grant ought not to issue because the caveator and those under whom he claims have held actual possession of the land in controversy under written recorded color of title, exercising rights of ownership over the same and regularly paying the taxes thereon for a sufficient period to raise the presumption of a grant though it should appear that the whole tract is not embraced in the Bowman patent.

The caveatee appeared in obedience to summons, and neither party requiring a jury, without formal pleadings in writing, all matters of law and fact were submitted to the court, which pronounced the judgment under review in favor of the caveatee. The case is, therefore, before us as upon a demurrer to the evidence by the caveator, and will be so treated in applying the principles of law relevant to the case.

In the case of *Trotter* v. *Newton*, 30 Gratt. 582, 588, Christian, J., in delivering the opinion of the court, said: "While cases of this kind are now of rare occurrence in this court, the rules which govern them are well defined. . . . as follows: First, In every caveat founded on the alleged better right of the caveator to the land in controversy, the first inquiry is as to *his* title or interest in the subject. He cannot recover upon the mere infirmity of the title of the *caveatee*, for however defective that may be no one has a right to interpose for the purpose of preventing him from carrying his entry into grant unless he has a better right, legal or equitable, in himself. Second. The caveator must state in his caveat the grounds on which he claims the better right to the land in controversy, and he will not be permitted to abandon in the trial the right which he has set out in his caveat as that under which he claims and prove a different right. See *Walton* v. *Hale*, 9 Gratt. 194; *Carter* v. *Ramsey*, 15 Gratt. 346; *Harper, &c.,* v. *Baugh, et al.,* 9 Gratt. 508."

The first ground assigned against issuing the grant is that the caveator has actual possession under color of title of the land in controversy and was so in possession when the warrant was located thereon, and that the notice required by sec. 2311 of the Code of the caveatee's intention to locate a warrant on the land was not given.

Section 2312 prescribes the rights and remedy of one in possession under color of title, when the notice provided by the previous section is not given, as follows: "If any person not having such possession and claim shall locate a warrant on such land without having given such notice, then the person having such possession and claim may at any time before a grant issues to the person thus failing to give notice, locate a warrant on such land and file with the Register of the Land Office a caveat to prevent the issuing of a grant to the person thus failing to give such notice."

To maintain a caveat under section 2312 for failure to give notice under section 2311, the party having such possession and claim must himself locate a land office warrant on the land. There is no pretense that the caveator pursued that course in this instance and, therefore, his caveat cannot be maintained for want of notice.

There is no evidence to sustain the second contention, that the land in controversy is included in a grant issued to Samuel Bowman about the year 1853, so that assignment does not demand further notice.

Lastly, it is contended that the grant ought not to be issued because the caveator and those under whom he claims have held actual possession of the land under written recorded color of title, and have exercised rights of ownership over the same and have regularly paid taxes thereon for a sufficient length of time to raise the presumption of a grant.

The caveator does show a paper title to the land in him-

self and those under whom he claims as far back as the year 1886, but there is a total failure to connect such title with the Commonwealth. It also appears that all or most of these claimants paid taxes on the land—chiefly in Carroll county, in connection with a large tract said to include the land in dispute. The evidence likewise shows that at one time a cabin had been erected on the land and occupied by one of the claimants, which was torn down by the caveator about four years prior to the survey and entry by the caveatee; that on several occasions timber and tan bark had been cut and sold from the land. But it clearly appears that the boundary consisted of wild mountain land principally in original forest, uninclosed and uncultivated. There is no evidence of actual possession of any part of the land at the date of the survey and entry, and it was regarded by the people in the vicinity as "unpatented land."

Evidence of title and possession of that kind does not show such better right, legal or equitable, in the caveator as would authorize him under the statute and decisions of this court to intervene and prevent the caveatee from carrying his entry into grant.

In his petition, however, the plaintiff in error relies upon section 2339 of the Code to maintain his caveat. There is no specification in the caveat to justify reliance upon that section, but if there were, the facts in the case do not bear out the contention.

The section reads: "No location of any land office warrant upon any land which shall have been settled five years previously, upon which taxes shall have been paid at any time within said five years by the person having settled the same, or any person claiming under him, shall be valid, and any title which the Commonwealth may have to such land shall be hereby relinquished to the person in possession of the said land claiming the same under such settlement or pay-

ment to the extent of the boundary line inclosing the same. But said boundary line shall not include more than fifteen hundred acres, and any person who has made such settlement and paid such taxes, or any one claiming under him, may have the land surveyed, and prove the settlement and payment ·before the court of the county where the land or a greater part thereof lies, whereupon such court shall order the plat and certificate of survey to be recorded. The said record shall be conclusive evidence in any controversy between the claimant thereunder and any person claiming under a location of the said land made after the date of such order. . ."

The statute now contained in section 2339 was construed by this court in *Slocum* v. *Compton*, 93 Va. 374, 25 S. E. 3, and it was there held that in order to acquire title by "Court-right proceedings," the party must be in possession of the land at the time such proceeding is instituted. Judge Buchanan, at p. 378, observes: "The object of the statute was to protect actual settlers upon the lands of the Commonwealth which were subject to entry, and those in possession of such lands claiming under them. It was never intended that persons should, under its provisions, acquire title to her lands without paying anything therefor, except where they had been actually settled as required by the statute, and where the possession of the original settlers, or those claiming under them, where proceedings were had in the county court under the statute for the purpose of obtaining record evidence of their rights in the land, and in order to protect themselves from the subsequent location of land office warrants thereon. The statute only provides for the relinquishment of the Commonwealth's title '*to the person in possession of the land* claiming the same under such settlement,'" etc.

So in *Hurley* v. *Charles*, 110 Va., 27 S. E. 468, it is said: "It expressly limits the use of the court order as evidence

to those who have become locators since the date of the order."

The caveator in this case was not in possession of the land at the date of the caveatee's location, and has never obtained a court-right thereto, or taken any steps to acquire it.

We find no error in the judgment of the circuit court, and it must be affirmed.

*Affirmed.*