## The City of Quincy

*v.*

## The Chicago, Burlington and Quincy Railroad Co

1. Grant—*when not confined to grantee.* Where a city, under special authority of law, grants to a railroad company the right to use certain parts of its streets for railroad tracks, the grant containing no clause restricting the use of the streets to the grantee, the right to such use of the streets may be transferred to another railroad company which is authorized by law to acquire and succeed to all the property, etc., of the grantee company.

2. Same—*construed as to condition or limitation.* Where a city by deed grants to a railroad company rights of user of parts of four streets for railroad tracks, not in one single clause, but by four separate and distinct paragraphs, each granting rights and privileges, and immediately after the last grant it is provided, "said right and privilege to be enjoyed and exercised until," etc., limiting the same in respect of time, the condition or limitation will be construed to apply only to the last of the four grants.

3. Mortgage—*of after acquired property.* Where a railroad company is, by its charter, authorized to borrow money and mortgage the whole or any part of its road, property or income then existing, or thereafter to be acquired, the company may not only mortgage its present property and rights, but such as it may thereafter acquire, and such after acquired property will be subject to be sold on foreclosure; and this seems to be the rule, independent of the authority given in the charter.

4. Costs—*in ejectment on disclaimer as to part.* Where a defendant in ejectment disclaims as to part of the property sued for, and pleads not guilty as to the residue, and judgment is rendered in favor of the plaintiff for the part to which the disclaimer applies, and judgment for the defendant on the trial as to the balance, it is proper to give judgment against the plaintiff for the costs of the suit.

Appeal from the Circuit Court of Adams county; the Hon. John H. Williams, Judge, presiding.

Mr. William W. Berry, for the appellant.

Mr. O. H. Browning, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of ejectment, brought by the City of Quincy against the Chicago, Burlington and Quincy Railroad

Company, to recover certain streets in the city of Quincy upon which the railroad company had constructed its track, and which had been used by the company for many years.

The defendant filed a plea disclaiming any right, title or interest to a portion of the property described in the declaration, and that it had always been ready and willing to deliver plaintiff the possession thereof, and before the commencement of the suit tendered the possession thereof to plaintiff. As to the balance of the property a plea of not guilty was interposed.

On the trial before the court, without a jury, the court found for the plaintiff, as to the property embraced in the plea of disclaimer, and as to the balance of the property the court found in favor of the defendant, and rendered a judgment against the plaintiff for costs. To reverse this judgment the City of Quincy appealed to this court.

The defendant on the trial, to maintain the issue on its part, read in evidence an instrument of writing executed July 25, 1855, by and between the Northern Cross Railroad Company, of the first part, and the City of Quincy, of the second part, by which portions of certain streets were conveyed absolutely to the city, and the right to use parts of other streets, the streets now in question, was granted to the railroad company. The defendant also read in evidence a deed from the master in chancery of Knox county to the defendant. This deed was made under and by virtue of a sale made under a decree of the circuit court of Knox county foreclosing a mortgage given by the Northern Cross Railroad Company to Louis Van Hoffman and others, upon all the property it then owned and all that might be thereafter acquired. This mortgage bore date July 1, 1853.

It is first contended, by appellant, that whatever rights and privileges in the streets were granted to the Northern Cross Railroad Company were "particular and confined to the grantee alone." There is nothing in the language of the deed made between the railroad company and the city of

Quincy, under which the company now claims, which would justify the position taken. The deed is an ordinary instrument, under which the rights conferred are conveyed in plain language, such as is used in an ordinary conveyance. The authorities cited and relied upon have reference to personal easements in private property, and hence can have no application here. No private rights were involved. The law authorized the city to grant to the railroad company the right to use its streets for railroad tracks, and at the same time the law authorized one railroad company to acquire from another its road, right of way, property and franchises, and succeed to all its rights. The deed having been made under such circumstances, and containing no clause restricting the use of the streets to the Northern Cross Railroad Company, we perceive no reason why the defendant could not succeed to all the rights of the Northern Cross Railroad Company.

It is next urged that whatever rights and privileges in these particular streets the Northern Cross Railroad Company took by the grant, were terminated by the express provisions of the instrument itself.

That portion of the deed which relates to the property in question, including punctuations and beginnings of paragraphs, as is stated by appellee's counsel and not disputed, is as follows:

" In consideration whereof the said party of the second part hereby conveys to the said parties of the first part all that part of Front street which lies north of a line across the same fifty feet south of Oak street, * * * * to have and to hold the same together with all and singular the privileges and appurtenances thereunto belonging, to the said parties of the first part, their successors and assigns forever.

" And the said party of the second part also *grants* to the said parties of the first part the right and privilege of grading, improving and using that portion of Broadway street which lies west of the west line of Front street; and also that portion of Spring street which lies west of Front street to the

Mississippi river, to suit the convenience of said company, and to construct thereon such railroad tracks, side tracks, switches and frogs as the said parties of the first part may desire, and to use the same in passage of machinery and cars to and fro, or in permitting them to remain thereon as the convenience of the company may require in the transaction of their business; * * * * and those portions of Broadway and Spring streets, and all other streets in said city not herein conveyed, in which any rights and privileges are herein granted to said parties of the first part shall be by them so graded, and the railroad tracks so laid that carriages, wagons, drays, and vehicles of all kinds may conveniently cross the same.

" And for the same consideration the said party of the second part also grants to the said party of the first part the right and privilege of using that portion of said Front street which extends from that part of it hereinbefore conveyed, south to said Broadway street, for the use and construction thereon of as many railroad tracks, side tracks, switches and frogs as may be necessary for the convenience of said company in the transaction of their business, with the exception that the sidewalks on each side of Front street between Broadway and Spring are not to be used for tracks or otherwise by said company;

" And also the right and privilege of making and using two railroad tracks in and along that portion of Front street which extends from the north line of Broadway south to a line drawn due west across said Front street from the south-west corner of lot four in block six in the original town now city of Quincy, * * * * said right and privilege to be enjoyed and exercised until the sixteenth day of October, one thousand, eight hundred and seventy-seven, unless the said parties of the first part shall sooner become the owners of block one in Pease's addition to the town now city of Quincy, as soon after the happening of which event as is reasonably practicable, * * * * the said parties of the

first part shall cease to have the right to use for any railroad track or tracks any part of said Front street south of the north line of said Broadway street."

The question to be determined is, whether the limitation contained in the concluding part of the deed applies to each and all of the four rights and privileges granted by the city to the company, or does it only apply to the last one? It will be observed that, aside from the land absolutely conveyed, four separate and distinct parts of streets are granted, not by one clause, but by four distinct paragraphs in the deed. Under the terms of the deed four rights and privileges are granted to the company. It is but reasonable to suppose, if it had been intended to make the limitation apply to each right and privilege, they would all have been granted in one clause, and then the limitation would have been invested with apt words to make it apply to each grant, but such was not the case. Again, as four rights and privileges were granted by the deed in distinct portions of streets, if the limitation was intended to be applied to all the rights and privileges conferred, why was the singular number, "said right and privilege," used? It seems evident that the deed, if the intention was to apply the limitation to all the rights and privileges, would have contained this language: said rights and privileges; and the fact that such words were omitted would seem to leave no room for doubt in regard to the construction to be placed upon the deed. The words of the limitation immediately following the last or fourth grant, " said right and privilege to be enjoyed and exercised until the sixteenth day of October, 1877," can not be held to apply to the other three grants without adopting a forced and unreasonable construction of the words used to express the intention of the parties. From the record of the foreclosure proceedings read in evidence by defendant, the mortgage which was given by the Northern Cross Railroad Company, under which defendant acquired title, bore date July 1, 1853, which was prior in time to the date of the deed from the city of

Quincy to the company. The mortgage, however, contained a provision including therein after acquired property, and under this clause of the mortgage the property rights and privileges acquired under the deed made by the city in 1855 became subject to the terms and conditions of the mortgage. Under the act of June 11, 1852, Laws of 1852, page 3, the railroad company had the power to borrow money and mortgage the whole or any part of the road, property and income of the company then existing or thereafter to be acquired. The mortgage was made after this statute went into force, and after describing certain property conveyed by the mortgage, it contained this clause, "and all other property, real and personal, pertaining to the road or the using thereof now owned or hereafter to be acquired." But, aside from the statute, we perceive no reason why the railroad company could not execute a mortgage which would include after acquired property, as held in *Shaw* v. *Bill,* 5 Otto, 10.

It is also contended by appellant that judgment should have been rendered against appellee for costs. The defendant disclaimed any interest, right or title in and to the property plaintiff recovered, and no litigation was had in reference to such property, and we see no reason why it should be compelled to pay costs. The property over which the litigation was had the defendant recovered, and it is but right, as the plaintiff was defeated in regard to the property over which there was a controversy, that it should pay the costs.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*