# CHARLESTON.

COSNER *et al. v.* McCRUM *et al.*

Submitted January 25, 1895—Decided April 3, 1895.

1. DEED—SEAL
   A paper purporting to be a deed or gift of real estate, which has a scroll annexed to the grantor's signature, with the word "seal" written in it, but which fails to recognize said scroll as a seal in the body of the instrument, but which paper has been duly acknowledged for record by the grantor, held to be a deed.

2. Deed—Husband and Wife.

    A deed from a husband to his wife for real estate, while inoperative and void at law, is nevertheless valid in equity, and will confer upon the wife a good equitable estate, which in all cases will be enforced against the husband by a court of equity.

Dayton & Dayton and A. B. Parsons for appellant, cited Code, c. 74, s. 4; Id., c. 72, s. 11; Id., c. 104, s. 14; 34 W. Va. 116; 35 W. Va. 771; 2 Gratt. 266; 9 Leigh 511, 514, 515; 4 Gratt. 283; 10 W. Va. 630; 54 Conn. 330; 64 Am. Dec. 363; 27 N. J. Eq. 157; 3 N. H. 432; 32 W. Va. 360; 5 Law R. & R., § 2269.

W. B. Maxwell for appellees:    •
*What shall constitute the record.*—Code, c. 135, ss. 5, 6.
*This Court may award certiorari.*—30 W. Va. 186.
*Laches in asserting right.*—1 Pom. Eq. §§. 418, 419; 1 Bart. Ch. Prac. 90.
*Enforcing voluntary contract for a gift.*—3 Pom. Eq. §§. 370, 1293, 1405; 32 W. Va. 463; 9 W. Va. 79; 76 Va. 72; 76 Va. 517.
*Amending answer.*—35 W. Va. 70.

English, Judge:

    On the 23d day of November, 1891, C. P. Cosner, U. S. Cosner, Freeland H. Cosner and others, parties defendant in a certain suit in equity, pending in the Circuit Court of Tucker county, in which S. McCrum was plaintiff, filed their petition, verified by affidavit, in the nature of a bill of review, alleging errors in a decree of sale which had been entered in said cause at the June term, 1891, of said court, and praying for a review and hearing of said decree, and a correction of the errors therein, which petition, with its exhibits, was ordered to be filed; and the plaintiff, S. McCrum, appeared thereto, and waived the service of process therein, and tendered his answer to said petition, admitting that said decree of sale was erroneous in so far as the same directed a sale of the land directed to be sold before the assignment of the widow's dower therein, but denying that there was any other error in said decree; and on his motion said answer was ordered to be filed, upon consideration whereof it was ordered

that so much of said decree as directed a sale of the land of Solomon W. Cosner, deceased, which land was ordered to be sold before the assignment of the widow's dower therein, be reversed and set aside.

Commissioners were appointed to go upon the two hundred and one acres of land in the commissioners' report mentioned, and ascertain if the same could be identified and located, and, if so, to lay off and assign unto Elizabeth Cosner, widow of Solomon W. Cosner, deceased, one third thereof, as and for her dower therein, having regard to quantity and quality; and said commissioners were directed to further ascertain and report if the said Solomon W. Cosner died seised of any other lands, and, if so, they should assign to his said widow her dower portion therein, having regard to quantity and quality.

The errors alleged and relied upon by the petitioners, C. P. Cosner and others, to annul and set aside the decree rendered in said cause of *S. McCrum* v. *F. H. Cosner, administrator, etc.*, entered at the June term, 1891, are: *First,* That the said decree directs two hundred and one acres of land to be sold, but nowhere upon the face of said decree, or in the papers or proceedings in the cause, is there any identification of the said two hundred and one acres, or any description thereof whereby the same can be in any manner located, or its boundaries defined, and it was wholly impossible for petitioners to know or understand which one of their lands was to be sold. *Second.* The land was decreed to be sold subject to the dower of the widow, Catherine Cosner, who had in no way expressed her election to take her dower interest in money, instead of in kind. *Third.* Said petitioners alleged that said Solomon W. Cosner died seised of no real estate, but all that he was ever possessed of was conveyed away by him in his lifetime, by largely voluntary deeds, which were executed more than five years before the institution of said suit; that by deed of gift, purely voluntary, as shown on its face, nearly thirteen years before this suit was brought, and when the said Solomon W. Cosner was in no way indebted, he conveyed all the lands of which he was possessed, consisting of three tracts, of five hundred and

twenty four acres, one hundred and sixty six acres, and one hundred and forty eight acres, in Canaan Valley, fully described in said deed, to his said wife, Catherine Cosner, and her children, which deed was duly acknowledged, delivered and admitted to record; that subsequently said Catherine Cosner, the wife, and W. H. H. Cosner and wife, Armeda J. Flanagan and husband, C. C. Cosner and Elizabeth Cosner (then Harr) reconveyed their interests in said lands to said Solomon W. Cosner, who shortly after, by deed dated March 9, 1880, conveyed one hundred and sixty six acres of said lands to Emile and F. H. Cosner, and by deed of same date conveyed to Melissa J. Cosner, the wife of W. H. H. Cosner, one hundred acres thereof, and by deed of same date conveyed to C. C. Cosner one hundred acres, all of which deeds were voluntary, but were delivered and recorded at least ten years before said suit was brought; that on the 20th day of July, 1880, by deed of that date, and for a valuable consideration, said Solomon W. Cosner conveyed one hundred and eighty six acres of said lands to his cousin Daniel Cosner, and by deed dated April 26, 1888, for a valuable consideration, the said S. W. Cosner sold and conveyed eighty eight acres of said land to Mitchell Carroll and wife, both of which deeds were duly admitted to record, which conveyances more than covered the entire interest of said S. W. Cosner in said lands, and therefore the remainder of said lands were in no wise subject to his debts. And for these reasons they pray that said final decree may be annulled and set aside, that said lands may be held exempt from the debts of said Cosner, and that the title thereto be held to be vested in petitioners and the other beneficiaries under the deeds therein set forth, and, there being no assets for the payment of said debts set forth in said decree, that said original cause may be dismissed, *etc.*

On the 14th day of June, 1892, the defendant S. McCrum obtained leave to file an amended answer to the plaintiff's petition, in which he claims that from an inspection of the alleged deed from Solomon W. Cosner to Catherine Cosner and her children, it will be seen that the same is no deed, but is only an agreement, so far as the land mentioned therein

is concerned, to make a gift thereof to said Catherine Cosner and her children, and no actual conveyance of said land was ever made to said donees, and that said alleged deed is the only shadow of claim the said petitioners have, or ever had, to said land, except as heirs of said Solomon W. Cosner, and that said agreement to make a gift did not vest any right, legal or equitable, in said donees, and, no actual transfer of said land having been made, the said agreement, as against respondent, a creditor of Solomon W. Cosner, was an absolute nullity, and of no effect whatever. He also directs attention to the fact that said alleged deed is not under seal, the description of the property claimed to have been conveyed thereby vague and uncertain, and but one guaranty is named therein, and that said pretended deed is void for uncertainty; that after the execution of said pretended deed the parties thereto regarded the same as an absolute nullity. Said Solomon W. Cosner remained in the possession of the land, and treated it as his own, and the said donees, nor any of them, at any time, ever attempted to use, control, or manage the same, or any part thereof, and after the death of the said Solomon W. Cosner, partitioned the same among themselves, as his heirs, and exchanged mutual deeds of partition; and the said S. W. Cosner claimed such exclusive and notorious ownership over said land that after the execution of said alleged deed to Catherine Cosner, *etc.*, he actually conveyed away two large parcels thereof to Daniel Cosner and Mitchell Carroll, and made general warranty deeds therefor.

Respondent also denies the right of Freeland H. Cosner to have anything in said petition entertained for any purpose, for the reason that he filed his answer in the original cause, raising the very questions sought to be reviewed by said petition, and the same were decided against him, and the opinion of the court upon these questions was not only conclusive against the said Freeland H. Cosner, but was also conclusive against all the petitioners. And respondent charges that the questions sought to be raised by said petition are not such questions as can be raised on a proceeding of this kind, but such of said petitioners as let said original

cause go by default can only review said decrees by errors appearing upon the face of the proceedings, and can not in this way bring in matter to the attention of the court; but, if said petition is to be treated as a bill of review, then the petitioners do not present such a statement of fraud, accident, surprise, or adventitious circumstance as is entitled to be entertained for the purpose sought by said petition, nor do any such circumstances exist as will enable them to amend their said petition so as to be entertained. And he prays that said petition be dismissed, and that the lands of which Solomon W. Cosner died seised be sold, subject to the dower of the widow therein, to satisfy respondent's debt against the same.

This amended answer was excepted to by the petitioner because it presented no new matter of defense, and no good reasons are shown for its filing. On the 23d day of June, 1892, the court overruled the exceptions to said amended answer, and the petitioners replied generally thereto, and the cause was referred to a commissioner to report all the facts and circumstances connected with the title to the land claimed by the plaintiff, S. McCrum, to have been owned by S. W. Cosner at the time of his death, reporting specially what, if any, control and possession said Solomon W. Cosner exercised over the land in controversy after the date of the deed from him to his wife and children.

On the 29th day of June, 1893, the cause was heard upon the report of James W. Bowman, surveyor, and others, commissioners to assign dower to said widow, the former orders and decrees therein, and upon the report of the commissioner to which there is one exception filed by the defendants, and upon the evidence taken before said commissioner; upon consideration whereof the exceptions to the report of commissioners Valentine and Adams were overruled, and said reports confirmed, except so far as therein modified; the decree confirmed the report of commissioners assigning dower to Catherine Cosner, widow of Solomon W. Cosner; ascertained that said S. W. Cosner, at the time of his death, was the owner of three tracts of land, one containing two hundred and twenty one and three fourths acres, one containing one hundred and

forty three and three fourths acres, and the mill lot of one acre; ascertained the amounts due the plaintiff, S. McCrum and to Freeland H. Cosner, as administrator of Solomon W. Cosner; and decreed unless there was paid to the parties entitled thereto, respectively, their debts, as therein ascertained to be due them, and the costs of suit, within thirty days, a special commissioner, therein named, should make sale of the land ascertained to have been owned by said S. W. Cosner at the time of his death, or so much thereof as might be necessary to satisfy the said debts and costs, upon the terms therein prescribed, which sale was to be made subject to the widow's dower therein; and a writ of possession was awarded said Catherine Cosner, if desired by her, to have possession of the land so assigned to her as her dower. And from this decree C. P. Cosner obtained this appeal.

In examining the questions raised by the petition of C. P. Cosner and others, in the nature of a bill of review, which petition must be so regarded, we encounter some difficulty in passing upon the questions raised by said petition, in the absence of the original record, or the final decree which is sought to be reviewed. Enough, however, appears from the allegations of the petition which are uncontradicted, and the exhibits therewith filed, to enable us to pass upon the material questions raised.

The third error alleged and relied upon by the petitioner raises the question as to the effect of the paper filed as Exhibit X with the petition, which purports to be a deed of gift from Solomon W. Cosner to his wife and children, bearing date July 12, 1877, whereby, in consideration of love and affection, it is alleged in said petition, he conveyed all the lands of which he was possessed unto his wife and children, which deed was duly acknowledged and admitted to record, which deed was voluntary, and was acknowledged and admitted to record nearly thirteen years before this suit was instituted. It is contended in argument that said Exhibit X is not a deed, because the scroll and seal are not recognized in the body of the instrument; and while it is true that our statute (Code, c. 13, s. 15) provides that "when the seal of a natural person is required to a paper, he may affix thereto a

scroll by way of seal or adopt as his seal any scroll, written, printed or engraved made thereon by another," a distinction appears to exist between instruments which are not required to be acknowledged and recorded and those that are only to be signed and sealed. Where the latter do not recognize the scroll or seal in the body of the instrument, the weight of authority is that such papers are not sealed instruments. Where, however, a scroll is annexed to the signature of a paper purporting to be a deed, and the word "seal" is written within the scroll, and said writing is properly acknowledged and admitted to record, it must be regarded as a deed, although the scroll or seal are not recognized in the body of the instrument. So in the case of *Ashwell* v. *Ayers*, 4 Gratt. 283, the court of appeals of Virginia held that "an instrument purporting to convey land, with a scroll attached to the grantor's name, though the scroll is not recognized in the body of the instrument, will be held to be a deed, where the instrument has been acknowledged in court by the grantor as his deed, for the purpose of having it recorded."

Prof. Minor, in his Institutes (volume 2, p. 653) upon this question, says: "In instruments not required by some statute to be under seal, the scroll must be recognized as a seal in the body of the instrument, as in the case of a common bond for money;" citing *Clegg* v. *Lemessurier*, 15 Gratt. 108, where it is held that "a writing for the payment of money or other purpose, which is not required to be by deed, having a scroll at the foot thereof, with the word 'seal' written therein, but which is not recognized in the body of the instrument as a seal, is not a sealed instrument." In this case Judge Lee, in delivering the opinion of the court, reviews the authorities, and, referring to the case of *Ashwell* v. *Ayers*, 4 Gratt. 283, says: "And, as recording was essential to perfect the instrument for the purposes intended, it might be said, without impropriety, that this was part and parcel of the perfect deed, and sufficiently manifested the recognition of the writing as a sealed instrument. The distinction, then, between instruments of this character, which can only be effectual as deeds, and a promise in writing simply for the payment of money, which might be indifferently an obliga-

tion under seal, or a promissory note, and as to which neither acknowledgment before witnesses or in court, nor recording, was necessary, must be apparent."

In the case of *Smith* v. *Henning*, 10 W. Va. 630, Haymond, Judge, in delivering the opinion of the court, after elaborately discussing this question, and citing the case of *Taylor* v. *Glaser*, 2 Serg. & R. 504, and numerous other authorities, says: "In the case at bar the paper writing in question, called the 'Deed,' from Jones, the executor, to the defendant, for the land in controversy, commences, 'This indenture,' *etc.* It is signed by the executor with his name, with a scroll opposite his name, and within the scroll, opposite his name, the word 'seal' is written. In this condition the said paper writing was presented to the clerk of the County Court by the grantor therein, and, as presented with the scroll—seal and all—was acknowledged by him before the clerk. Taking the certificate of the clerk and the whole paper together, it is manifest that the grantor not only acknowledged the whole body of the paper writing, but his signature and scroll as his seal, because the word 'seal' was written within the scroll, and also that in acknowledging it before the clerk he acknowledged it as his deed, as was then understood by the clerk, as is manifest from the certificate of said clerk."

This deed has a striking similarity to the one under consideration—in fact, in every material point it is precisely the same; and, in view of these authorities cited, the paper bearing date the 12th day of July, 1877, and signed by Solomon W. Cosner, and acknowledged before William Rains, justice, and admitted to record by the clerk of the County Court of Tucker county, was the deed of said Solomon W. Cosner to his wife and children for the property therein mentioned. The effect of this conveyance was to confer upon Catherine Cosner the equitable title to the undivided one eleventh part of said land, and to convey to her ten children the remaining ten elevenths thereof.

It appears that the said Solomon W. Cosner originally owned three tracts of land, containing, respectively, five hundred and twenty four, one hundred and sixty six and one hundred and forty eight acres each, and aggregating

eight hundred and eighty eight acres. After conveying the same to his wife and children, four elevenths thereof, amounting to three hundred and four and three elevenths acres were reconveyed to him by his wife and three of his children, and then, on the 9th day of March, 1880, said Solomon W. Cosner conveyed to Emile and F. H. Cosner one hundred and sixty six acres thereof; to Melissa J. Cosner, wife of W. H. Cosner, one hundred acres thereof; and to C. C. Cosner one hundred acres thereof—and shortly afterwards, to wit, on the 20th day of July, 1880, said Solomon W. Cosner conveyed one hundred and eighty six acres of said lands to Daniel Cosner, and on the 26th day of April, 1888, said Solomon W. Cosner conveyed eighty eight acres from said lands to Mitchell Carroll and wife, all of which deeds were duly admitted to record; and the record discloses the fact that while three hundred and four and three elevenths acres of land were reconveyed to him, he has sold and conveyed to different parties six hundred and forty acres.

The plaintiffs in the original cause, so far as we can determine from the portions of the record presented, relied almost solely upon the alleged invalidity of the deed from Solomon W. Cosner to his wife and children, which reliance was based on the fact that the seal was not recognized in the body of the instrument. Having determined that this defect was cured by the acknowledgment and recordation, the next question was as to the effect of the conveyance from the husband to the wife directly, and this question was determined by reference to the case of *McKenzie* v. *Railroad Co.*, 27 W. Va. 306, where it was held, "a deed from a husband to his wife for real estate, while inoperative and void at law, is nevertheless valid in equity, and will confer upon the wife a good equitable estate, which, in all cases, will be enforced against the husband by a court of equity." The wife then took an equitable estate in the land, and the children a legal estate.

At the time this conveyance was made, it is alleged in the petition and undenied, that said Solomon W. Cosner was in no way indebted; that the lands conveyed by him to his wife and children were all the lands which he possessed; he has

conveyed away more land than was reconveyed to him by his wife and a portion of his children. At the time this suit was brought, it was too late to attack any of these convey-ances as voluntary, and no effort appears to have been made to assail them as fraudulent. The court, however, in the decree complained of, acted upon the theory that the deed from Solomon W. Cosner to his wife and children, not being under seal, was a nullity, and the commissioner Adams—having found that, if said deed passed no title to said wife and children, said Solomon W. Cosner was at the time of his death, in 1888, the owner in fee simple of three several tracts of land, one containing two hundred and twenty one and three fourths acres, another containing one hundred and forty three and three fourths acres, and the other the mill lot—adopted this view of the case, and decreed the sale of these three tracts of land.

Having, however, reached the conclusion that the paper executed by Solomon W. Cosner to his wife and children on the 12th day of July, 1877, was a deed conveying an equitable interest in said lands to his wife, and a fee simple estate to her children, and it being apparent that in this view of the case the said Solomon W. Cosner, at the time of his death, was the owner of no real estate which could be subjected to the payment of his debts, the decree complained of must be reversed, and the cause remanded, with costs.