# CHARLESTON.

MALISSA HAWKINBERRY v. J. NEWTON METZ AND CORA METZ.

Submitted September 6, 1922.    Decided October 3, 1922.

1. PLEADING—*Deed Exhibited with Bill Controls Pleading as to Its Character and Terms.*

    Where a deed or other instrument pleaded is exhibited with a bill, the court on demurrer will look to the instrument itself and not to what is alleged of it, to determine its character and the terms and provisions thereof.   (p. 639.)

2. DEEDS—*Hyphens Following Grantor's Signature Held Seal.*

    An instrument purporting on its face to be a deed, and concluding with the words: "Witness the following signa-
    
    ture and seal;" and signed:    "Malissa X Hawkinberry - - - -"
    
    (with "her" above and "mark" below the X)
    
    "Witnesses: A. T. Satterfield, Smith Hood, Jr.," will be construed as a deed investing legal title in the grantee. In such a case the hyphens following the signature or name of the grantor will be treated as intended for and adopted by the grantor as his seal. (p. 639.)

3. QUIETING TITLE—TRUSTS—*Grantor in Deed to Land, Although in Possession, Cannot Set Up Parol Trust, or Have Deed Set Aside as Cloud on Title.*

    The grantee in a deed conveying land to a daughter upon consideration of one dollar and other valuable consideration, acknowledged, though he be in possession of the land granted, will not be entitled in a court of equity, unless upon some independent equity, to set up a parol trust in the land and to set aside such deed as a cloud upon his supposed title to the land granted.   (p. 640.)

Certified Question from Circuit Court, Marion County.

Suit by Malissa Hawkinberry against J. Newton Metz and another.   On demurrer to the bill.   Demurrer sustained, and question certified for review.

                                                            *Affirmed.*

*Harry Shaw,* for plaintiff.
*M. M. Neely,* for defendants.

MILLER, JUDGE:

The sufficiency of the bill upon demurrer, sustained by

the circuit court, has been certified to us for our judgment thereon.

The object of the bill, disclosed by its prayer, is either to compel a reconveyance by the defendants to plaintiff, directly or by a commissioner, of a tract of fifteen acres and the life estate of plaintiff in five acres, in Marion County, or that plaintiff's deed or contract be canceled as a cloud upon her title.

As a basis for this relief it is alleged in the bill that the plaintiff at the instance of the defendant, her daughter, on August 9, 1906, entered into a certain paper writing with her purporting to be a deed but not sealed by her, a certified copy whereof is exhibited with the bill, whereby, in consideration of one dollar cash in hand paid, and other valuable considerations, acknowledged, she purported to convey unto the said Cora Metz the said parcels of land with covenants of general warranty, except as to the coal thereunder, which had previously been sold.

It is further alleged that notwithstanding the acknowledgment of a consideration therein, no consideration was paid by the grantee, and that the conveyance was made with the distinct understanding and agreement that the grantee would hold the property in trust for plaintiff, the grantor, and would reconvey the same to her whenever so requested.

It is also further alleged that plaintiff was in possession of said land at the date of said paper writing and that she has ever since remained in the complete, adverse and undisputed possession thereof, and that neither of the defendants ever disputed her ownership or claimed an interest in the property until recently, when plaintiff requested a reconveyance thereof.

It is further alleged that plaintiff did not execute said paper writing under seal, and that she did not affix her seal thereto, wherefore she alleges the said writing is inoperative, and void as a deed.

What the rights of the plaintiff might be if the facts regarding possession, want of consideration, the trust relationship, and alleged voidness of the instrument as a deed for

want of seal, were all as alleged, we need not say; for in our opinion the instrument sought to be avoided is not a mere contract for a deed, voidable for the reasons alleged, but according to the exhibit filed, vouched as a true copy of the instrument actually executed, it is a deed under seal, as it purports to be on its face, and is binding as such on the grantor therein.

When the paper pleaded is exhibited with the pleading, we look to the instrument itself for what it is and purports to be, and not to what is alleged of it in the pleading. *Richardson* v. *Ebert,* 61 W. Va. 523; *Caswell* v. *Caswell,* 84 W. Va. 575, 583, and cases cited.

The deed or instrument exhibited purports to be a deed of conveyance with covenants of general warranty. It concludes with the words: "Witness the following signature and seal." The signature and scroll or marks are as follows:

"Witnesses:                     "Malissa ̇X Hawkinberry - - - - -
                                           mark

    A. T. Satterfield
    Smith Hood, Jr."

Thus the instrument pleaded shows five hyphens following the name of the grantor, and by the words quoted it undertakes to identify, not only the signature, but a seal. Do the marks following the signature constitute a seal? They import something necessarily. We think they were meant or intended for a seal, though not enclosed by a scroll. Section 15 of chapter 13 of the Code, specifically provides that, "when the seal of a natural person is required to a paper, he may affix thereto a scroll by way of seal, or adopt as his seal any scroll, written, printed or engraved, made thereon by another." This provision would seem to allow the grantor to adopt almost any kind of a scroll or mark, written or printed, as his seal. In the case of *Pardee* v. *Johnson,* 70 W. Va. 347, we decided, point 3 of the syllabus, with reference to a certified copy of an instrument purporting to be a deed made by a public officer, that if such copy purported to be signed and sealed, and contained a pen

flourish following the name of the grantor, it would be presumed that it was placed there by the recorder to represent a scroll which had been placed on the original, as and for his seal. In that case, as in this, the grantor concluded his deed with words identifying and calling for a seal. Upon this, as well as other decisions referred to in this case, the instrument in question here constitutes a good deed, and not a mere contract investing the equitable title in the grantee. The cases referred to are: *Wilson* v. *Braden*, 56 W. Va. 372; *Norvell* v. *Walker*, 9 W. Va. 447; *Smith* v. *Henning*, 10 W. Va. 596; *Cosner* v. *McCrum*, 40 W. Va. 339; *Miller* v. *Holt*, 47 W. Va. 7.

Being a deed properly sealed, the question remaining is: Is the plaintiff entitled to the relief prayed for against her own executed deed? We do not think she is. The principal grounds of relief are, alleged want of consideration, and that the grantee promised and agreed to hold the land in trust for the grantor and to reconvey it to her when requested. This is a parol agreement not covered in any contemporary or other written instrument, and is contradictory of the covenants and agreements in the deed itself.

It is well settled by numerous decisions in this State, that the grantee in land can not set up by way of a parol trust an interest in the land conveyed. To permit this would be to go in the face of the statute of frauds and the rule against the admission of parol evidence to contradict, vary or add to written contracts. The authorities make it impossible to so create such an equitable title in land. *Troll* v. *Carter*, 15 W. Va. 567; *Poling* v. *Williams*, 55 W. Va. 69; *Hursey* v. *Hursey*, 56 W. Va. 148, 156.

As the deed in question passes the legal title to the grantee, it follows that equity will not take jurisdiction to remove it as a cloud upon plaintiff's title, for the plaintiff has no title, legal or equitable, from which the supposed cloud can be removed. Our decisions say that in a suit to remove a cloud, the plaintiff must not only have the possession, but he must also have the legal title to the property. *Harman* v. *Lambert*, 76 W. Va. 370; *Dudley* v. *Browning*, 79 W. Va. 331.

For these reasons we conclude that the order of the circuit court sustaining defendants' demurrer was clearly right, and we will so certify.

*Affirmed.*