# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mary Ann Williams,**
**Plaintiff Below, Petitioner**

**vs.)**      **No. 18-1000** (Taylor County 17-C-57)

**Taylor County Assessor, Taylor County**
**Commission, and Dave Wilbur,**
**Defendants Below, Respondents**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mary Ann Williams, self-represented, appeals the October 12, 2018, order of the Circuit Court of Taylor County awarding summary judgment to Respondent Dave Wilbur regarding the ownership of a 9¼ acre parcel of real property, the ownership of which was disputed between the parties.[1] Respondent, self-represented, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.[2] Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are both owners of real property in Taylor County, West Virginia. Petitioner asserts that the 9¼ acre parcel at issue in this case is a part of a larger tract of land owned by her. On the other hand, respondent asserts that he owns the 9¼ acre parcel. On October 18, 2017,

---

[1]Petitioner included the Taylor County Assessor and the Taylor County Commission (collectively, "the County") as additional defendants in her October 18, 2017, complaint, alleging that they illegally transferred the real property from petitioner to respondent. The County filed an answer and a motion to dismiss on November 3, 2017, denying that allegation and stating that the property dispute was a private one between two individuals. By order entered on August 17, 2018, the circuit court granted the County's motion and dismissed it as a defendant. Petitioner does not assign error to the County's dismissal.

[2]Given our determination that oral argument would not aid the decisional process, we deny petitioner's April 22, 2019, motion for oral argument.

1

petitioner filed a complaint alleging that she owned the 9¼ acre parcel and that respondent harvested timber from the tract. Respondent filed an answer on November 6, 2017, and a motion to dismiss the complaint on May 11, 2018. The circuit court held a hearing on the motion to dismiss on August 23, 2018. In addition to the parties' arguments, the circuit court considered various deeds relevant to the ownership of the 9¼ acre parcel, and, therefore, construed respondent's motion as a request for summary judgment. By order entered on October 12, 2018, the circuit court traced the ownership of the 9¼ acre parcel from 1915 to the present and found that an unbroken chain of title exists from the grantee in a November 6, 1915, deed to respondent, the parcel's current owner. Accordingly, the circuit court awarded summary judgment to respondent and found that he was the owner of the 9¼ acre parcel. Petitioner now appeals the circuit court's October 12, 2018, order awarding respondent summary judgment.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

On appeal, petitioner argues that the circuit court erred in awarding summary judgment to respondent on petitioner's claim that she was the owner of the 9¼ acre parcel. Respondent counters that the circuit court properly granted him summary judgment. We agree with respondent.

In Syllabus Points 3 and 4 of *Harrell v. Cain*, __ W. Va. __, 832 S.E.2d 120 (2019), we held:

> The determination of whether a deed, contract, or other writing is ambiguous and does not clearly express the intention of the parties is a question of law to be determined by the court.

> If a circuit court finds that a deed, contract, or other writing is ambiguous and does not clearly express the intention of the parties, then the proper interpretation of that ambiguous document, when the facts are in dispute, presents a question of fact for the factfinder to resolve after considering all relevant extrinsic evidence.

Here, the circuit court found the 1915 deed was not ambiguous as it conveyed the 9¼ acre parcel to respondent's predecessor-in-interest, "his heirs[,] and assigns forever."[3] We concur in the circuit court's finding that "[t]his language reflects a complete transfer of the [9¼ acre parcel]."

---

[3]Petitioner challenges the validity of the 1915 deed conveying the 9¼ acre parcel to respondent. In Syllabus Point 2 of *Pardee v. Johnston*, 70 W. Va. 347, 74 S.E. 721 (1912), we held that "[a]n attested copy of a deed from the records of a county court clerk's office in this state is primary evidence, and has the same probative force to prove title that the original would have, if it had been introduced for that purpose." Here, an attested copy of the 1915 deed from the Clerk of the Taylor County Court (now Commission) is in the record, and, based on our review of it, we find that the deed was valid.

The clear and unambiguous language of the 1915 deed notwithstanding, petitioner argues that respondent's predecessor-in-title was conveyed only a life estate in the 9¼ acre parcel. In Syllabus Point 3 of *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995), we held:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Here, petitioner first points to a March 5, 1929, deed, which petitioner argues refers to the 1915 deed as conveying only a life estate in the 9¼ acre parcel. However, upon our review of the 1929 deed, we find that its language is insufficient to create a genuine issue of a material fact regarding respondent's ownership of the 9¼ acre parcel. The 1929 deed clearly states that the 9¼ acre parcel was "except[ed]" out of that conveyance having already been conveyed away by the 1915 deed which, as found above, invested respondent's predecessor-in-interest with complete ownership in the parcel.

Petitioner further points to a 1979 judgment she obtained in a boundary dispute with adjoining property owners. Based on a review of the record, we find that the defendants in that action are not among respondent's predecessors-in-interest. Therefore, we further find that the 1979 judgment in an unrelated, prior action does not create a genuine issue of a material fact regarding respondent's ownership of the 9¼ acre parcel. Accordingly, we conclude that the circuit court properly awarded respondent summary judgment as a matter of law based on the clear and unambiguous language of the 1915 deed.

For the foregoing reasons, we affirm the circuit court's October 12, 2018, order awarding summary judgment to respondent regarding the ownership of the 9¼ acre parcel.

Affirmed.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3