# CHARLESTON.

### MARIA L. WHITE *v*. THE CITY OF CHARLESTON
### (C. C. No. 338.)

Submitted January 20, 1925.   Decided February 3, 1925.

1. CONSTITUTIONAL LAW—EMINENT DOMAIN—*Statute Requiring Property Owner to File Estimate of Damages From Change of Grade as Condition Precedent to Suit is Not Violative of Constitution, if Reasonable.*

   It is within legislative power to require an abutting owner on a street in a municipality to file with the city an estimate of the damages which in his opinion he will sustain by reason of a proposed change of grade, such estimate to be made and filed within a designated time after notice, as a condition precedent to maintenance of suit for damages after the improvement is ordered and made; provided that the time designated is not so short as to deny the property owner a fair and reasonable opportunity to present his estimate, and protect his remedy, and the requirement is not otherwise unreasonable and arbitrary.   (p. 148.)

   (Eminent Domain, 20 C. J. § 525 [1926 Anno].)

2. SAME—*Plea Held Not to Raise Constitutionality of Statute Requiring Property Owner to File Estimate of Damages From Change of Grade.*

Where such statute is pleaded in bar of an action for damages occasioned by change of grade, and it does not appear from the pleadings what length of time and opportunity plaintiff was afforded for filing estimate of damages (the statute only limiting the period in which the city may begin the work after service of notice on the land owner), the question of the constitutionality of the statute because of unreasonableness is not fairly raised and cannot be considered. (p.149.)

(Constitutional Law, 12 C. J. § 215.)

3. EMINENT DOMAIN—*Plea of Defendant Municipality Held Not Sufficient to Bar Action of Property Owner for Damages from Improvement for Failure to File Estimate of Damages Required by Statute.*

In pleading such statute as a bar the plea should aver sufficient facts to show that the city in proceeding thereunder has not interpreted and applied the statute so as to render it unreasonable and arbitrary. (p. 149).

(Eminent Domain, 20 C. J. § 551.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Action by Maria L. White against the City of Charleston. Trial court sustained plaintiff's demurrer to defendant's special plea and certified its ruling for review.

*Ruling affirmed.*

*A. M. Belcher* and *R. G. Kelly,* for plaintiff.
*H. D. Rummel,* for defendant.

LIVELY, PRESIDENT:

The declaration is in case for damages to plaintiff's lot of land, caused by defendant in lowering the grade of the street on which it abutted.

Defendant filed a special plea in bar to which plaintiff demurred. The trial court sustained the demurrer and certified its ruling for review.

The plea is to the effect that defendant, before it undertook to improve the street on which plaintiff's property abutted

served upon her a notice embodying a resolution passed by the council declaring the necessity of permanently improving the street "as required by law" and the date set for the hearing of property owners with reference thereto; and thereafter an ordinance was introduced and passed by the city council providing for the improvement, and subsequently a contract was let for the work and the improvement duly made in accordance with the plans, specifications, and profile prepared therefor, "as required by law"; that defendant did not at any time before the introduction and passage of the ordinance or prior to the paving and improvement file with the council any statement of damages which, in her opinion, she would sustain by reason of said improvement.

Evidently the plea relies upon and sets up the act of the legislature in granting to defendant its municipal charter, and the expression "as required by law" refers to that act, although it is not pleaded; and we have held in *Groves* v. *County Court,* 42 W. Va. 587, that this court will take judicial notice of all such acts and resolutions of the legislature, though local and private, as appear to have been relied upon in the court below.    The briefs also refer to the "charter" of the city and the argument is based on the constitutionality of the provision thereof.    So we have searched for and found the charter act and its various amendments.    The Act, by Sec. 63 (Chap. 1, Acts 1915 Municipal Charters), among other things, provides that whenever it is deemed expedient to improve a street to be paid for in whole or in part by special assessment the council shall so declare by resolution, and shall have on file for the inspection of all persons interested specifications, estimates and profiles showing the proposed grade after completion with reference to the abutting property. The resolution is then published once a week for two successive weeks in two newspapers of opposite politics published in the city.    By Sec. 67 it is provided that *at the expiration of the time for the giving and publication of the notices as provided in Sec. 64* the council shall determine whether it will make the contemplated improvement, and if so, by the passage of an ordinance setting out in detail the street to be improved, the character of the improvement, the plans, specifications, pro-

files, estimates and the like, and setting forth the lots and lands abutting thereon, in a designated manner. Sec. 64 requires a notice of the resolution embodying it to be served on the owner of each piece of property to be assessed, or if the owner be a non-resident or not found, substituted service of the notice shall be by publication; and such notice whether by service or publication shall be completed *at least three days before said improvement is begun* or the assessment levied. By Sec. 72 it is provided that: ''No person shall bring any action whatever in any court in this State for damages arising out of improvements or change of grade unless he shall have filed with the council at some time after the publication of the notice provided for in Sec. 64 and before the time of the introduction of the ordinance providing for said improvement a statement of the damage which, in his opinion, he will sustain by reason of said improvement or the change of grade therefor, which statement shall be duly sworn to and be spread upon the minutes of said council.'' Plaintiff asserts that Sec. 72 is unconstitutional in that it violates Sec. 9, Art. 3, Constitution, and allows the city to damage private property for public use without just compensation; and violates Sec. 10, Art. 3, Constitution, in that it allows deprivation of property without due process of law. Plaintiff's counsel makes no criticism of the form or substance of the plea. The plea does not give the date of the resolution by which the council determined the expediency of the improvement, nor when the notice required in Sec. 64 was published, nor when the notice was served on plaintiff, nor the date fixed by the council on which to hear her and other property owners in relation thereto; nor when the ordinance was introduced and passed by which the council determined to make the improvement as required by Sec. 67, nor when the work was let or begun. It simply says that prior to the injuries and wrongs complained of in the declaration the council had determined the necessity of making the improvement and established grades; that the resolution was duly published, as required by law, and due notice of the passage and contents of the ordinance was served on plaintiff and the date set for hearing of property owners in reference thereto, and there-

after the ordinance was passed, and a contract was subse-
quently given for the work; and that plaintiff neither before
the introduction or passage of the ordinance, nor prior to
paving and improvement, had filed with the council her state-
ment of damage which, in her opinion, she would sustain.

Is the statute in contravention of Sec. 9, Art. 3 of the Con-
stitution? Does it deprive her from receiving or asserting
damages for injuries done to her property by the city in im-
proving the street for public use? The statutory proceed-
ings for condemnation of private property for public use and
the ascertainment of just compensation do not apply where
a city changes the grade of its streets. There is nothing to
condemn. There is no statutory method of ascertaining such
resultant damages by condemnation procedure. Without
organic or statutory law no such resultant damages were re-
coverable. It was *damnum absque injuria*, an injury with-
out a wrong. But the Constitution has cured that, and now
provides that private property shall not be injured by public
use without compensation. It is no longer an injury with-
out a wrong, and although no method is prescribed for ob-
taining redress, or for ascertaining the damages prior to
the injury by general law, a suit in case is maintainable.
*Johnson* v. *City of Parkersburg*, 16 W. Va. 402. The right
to redress is not taken away by the statute; the remedy for
the wrong remains. Before that remedy is invoked the Legis-
lature has said that after notice has been served on the abut-
ting owner to the effect that the city has decided in the af-
firmative the necessity and expediency of grading the street
and proposes to do the grading and paving, it is necessary for
him in order to preserve intact his remedy, to file with the
council an estimate of the damages he will claim, and which
in his opinion he will sustain. The statute affects the rem-
edy and provides a condition under which suit may be main-
tained. Had the statute made no provision for giving the
abutting owner notice in order that he might protect
his right and preserve in full his remedy, the due pro-
cess clause of the Constitution would have been violated.
Due process means due course of legal proceedings "accord-
ing to those rules and forms established for the protection of

private rights securing to every person a judicial trial before he can be deprived of life, liberty or property." *Carnegie Gas Co.* v. *Swiger,* 72 W. Va. 557. The statute of limitations would prevent an abutting property owner from suing for damages occasioned by a change in the grade of streets; and yet the Constitution says that private property shall not be damaged by public use without just compensation. Limitation of time on the right to sue does not destroy the right; it affects the remedy which must be invoked within a certain time after the injury is committed. According to plaintiff's contention a limitation of time in which to bring suit would be null, because the constitution says just compensation shall be paid wherever private property is taken or damaged for public use. A county court after proper preliminary steps have been taken to establish a public road is required to give notice to the landowner so he can be heard and an effort made to agree upon compensation and damages. The parties may agree to the entire satisfaction of the landowner and thus save litigation. From information gathered the court may not establish the road on account of the amount of compensation and damages claimed. The design of the statute under consideration is to give the city like information so it can either agree with the landowner, abandon the improvement, or proceed at the peril of paying the amount a jury might assess. A failure to file claims for damages, if required by statute, within the time limit (if the time limit is reasonable) is generally deemed a waiver. 1 Elliott on Roads & Streets, Sec. 304. On any claim against a county court founded on contract no action is maintainable until demand has been made and statement thereof filed with the court and disallowed in whole or in part either expressly or by refusing to act. Secs. 40 and 41, Chap. 39, Code. It is quite generally held that if the statute requires the filing of claims for damages within a specified time as a condition precedent to bringing suit the claims must be filed in the manner and within the time set out. 28 Cyc. page 1098. No one has a vested right to any particular remedy. "A statute is not unconstitutional, therefore, merely because it changes, abolishes, or impairs an existing remedy for a cause of action that has ac-

crued prior to the passage of the statute." 12 C. J. page
974, Sec. 558. It seems to be within legislative power to re-
quire a notice and claim for damages to property caused by
municipal action to be given and filed prior to bringing suit
thereon, and such legislative act is not a violation of the con-
stitutional rights of the injured party, provided always that
such requirement be not unreasonable. 19 R. C. L. page
1040; McQuillan on Munic. Corp. Sec. 2465. Every doubt is
solved in favor of the constitutionality of a statute; and we
cannot say that the act in question is clearly unconstitutional
on its face. Its interpretation and manner of enforcement by
the city might render it unreasonable and arbitrary.

But it is argued that the time in which plaintiff is allowed
to file her sworn estimate of damages, after examining the
data on file giving her full information regarding the change
of grade and improvement to be made, is so meagre and short
that it amounts to an unreasonable and arbitrary condition
precedent and is unconstitutional and void for that reason.
She is required to file her sworn estimate of damages at some
time before the city by ordinance duly introduced and passed
has determined to make the improvement. The latter cannot
pass the ordinance until three days have elapsed after com-
pletion of the notice of publication or service of notice pre-
scribed in Section 64; and it is argued that she is *allowed
only three days* in which to make up and file her estimate of
damages after being served with notice. That does not
necessarily follow. Assuming, but not deciding, that three
days is not a sufficient time and is therefore unreasonable and
arbitrary, it does not appear from the record that she had
only three days in which to file her estimate. The conclusion
on which the argument of unconstitutionality is based fol-
lows from a mere assumption. A week, ten days, or more
may have elapsed between the time she was served with notice
and the time the ordinance was passed and the work let to
contract. The statute may be interpreted and enforced by
the city in such a way as to render it bad; but it does not
appear from the pleadings that such was done. We cannot
assume facts for the purpose of passing upon a constitutional
question arising on them. The argument in the briefs based

upon the alleged unreasonable and arbitrary feature of the statute is not warranted under the plea and demurrer thereto, and the point will not be considered. The question does not fairly arise on the record of the case. To defeat plaintiff's action, the plea sets up the statute as a bar. As before stated, the plea gives no date of the service of the notice required by Sec. 64 nor the date of the passage of the ordinance. Every plea (and in fact every pleading), must consist of matter of fact the sufficiency of which as a defense may be determined by the court upon demurrer. 1 Chitty Pleading (16th Am. ed.) page 694. It must be direct and positive and not by way of rehearsal, reasoning or argument. It is presumed that a party in his pleading will state his case most favorably for himself and that if he does not state it with all its legal circumstances, the case is not in fact favorable to him, and it is a rule of construction that if a plea on its face has two intendments it shall be construed most strongly against the pleader. 1 Chitty Pleading, page 700. Can we say that the pleader admits that the ordinance was introduced and passed immediately after the expiration of three days from the completion of notice to plaintiff? We do not think the rule of construction would extend that far. However, to be a bar to the action it must be shown that the statute was not interpreted and enforced by the city so as to make it unreasonable and arbitrary. Otherwise it would be no bar. Where statutes of limitation have been under review the great weight of authority is that the period fixed by the Legislature may be declared unreasonable where it is so manifestly inadequate as to amount to a denial of justice. *Lamb* v. *Powder River Live Stock Co.,* 132 Fed. 434, 67 L. R. A. 558. "Where a plea relies upon a statute authority as a defense, it must allege the facts which it asserts to be so authorized and cannot plead generally that it complied with the statute." 21 R. C. L. page 444, Sec. 7. We are of the opinion that the plea is not sufficiently full and definite to make a complete bar to the action, inasmuch as the interpretation and consequent enforcement of the statute may have been a practical denial of justice, and therefore no bar. For that reason the demurrer was properly sustained.

*Ruling affirmed.*