# CHARLESTON.

Ines May Rine v. Charles E. Morris et al.

(No. 5340)

Submitted April 21, 1925.    Decided April 28, 1925.

1. PLEADING—*Construction of Pleading Equivocal on its Face Most Unfavorable to Pleader Will be Adopted.*

   If a pleading be equivocal on its face, the construction most unfavorable to the pleader adopted. (p. 53).

   (Pleading, 31 Cyc., p. 79.)

2. NEGLIGENCE—*One Leaving Instrumentality Dangerous to Children Must Use Ordinary Care to Prevent Injury.*

   One leaving an instrumentality dangerous to children at a place where they have a right to be, is charged with notice of its attraction to them. It is his duty to use ordinary care to prevent injury to a child thereby. (p. 54).

   (Negligence, 29 Cyc. p. 464).

   NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Wetzel County.

Action by Ines May Rine against Charles E. Morris and others. From an order sustaining a demurrer to the declaration, plaintiff brings error.

*Affirmed and remanded.*

*Larrick & Lemon,* for plaintiff in error.
*Underwood & Moore,* for defendants in error.

HATCHER, JUDGE:

This is an action of trespass on the case brought in the Circuit Court of Wetzel County. A demurrer was sustained to the declaration in the court below, and the case is here on error.

The declaration alleges that the defendants were engaged as independent contractors in excavating, levelling, grading, and constructing a public or state road or highway, in the county of Wetzel, for the State Road Commission of West Virginia, extending from a point south of the village of Steelton northward to the boundary line of the county; that in the performance of their work, they used a certain road

scraper, which was left for the night on the side of the said road about 60 feet from the home of the plaintiff, with certain parts of its machinery in an insecure and dangerous position; that it was their duty to have exercised ordinary care to have left the scraper in a safe condition, etc.; that the plaintiff is an infant of tender years, being then of the age of 8 years; that while playing around and near her home, she was attracted by a long rope hanging loosely from a lever on the scraper; that without any knowledge on her part of the insecure position of the lever, she shook the rope in childish play, causing the lever to fall upon her, breaking a bone of one of her legs, and otherwise greatly injuring and crippling her, etc.

The defendants' brief contends that the allegations in the declaration do not warrant the inference that the place of injury was on *a public road,* or where the plaintiff had a right to be. It points particularly to the only description of the road given in the declaration, to-wit: "defendants were engaged as independent contractors in excavating, levelling, grading and constructing a public or state road or highway." It says this allegation means the road was then unfinished and unsuitable for public use and was not open to the public. It concludes that the plaintiff was therefore a trespasser and the defendants owed her no duty except not to injure her wilfully.

The brief of the plaintiff proceeds upon the theory that the place where the injury occurred was a public road, and that the defendants were liable for leaving the scraper in a position dangerous to the public. In oral argument before the court, plaintiff's counsel contended that the allegations relative to the work on the road were not inconsistent with the right of the public to use the road, and requested a construction thereof favorable to the demurree.

In the case of *White v. City of Charleston,* 98 W. Va. 143, 126 S. E. 705 (Advance Sheets), Judge LIVELY, speaking for the court, said:

> "It is presumed that a party in his pleading will state his case most favorably for himself, and that if he does not state it with all its legal circum-
> 99 W. Va.

stances, the case is not in fact favorable 'to him, and it is a rule of construction that if a plea on its face has two intendments it shall be construed most strongly against the pleader. 1 Chitty Pleading, p. 700.''

''The common-law rule which is still in existence where not changed by statute is that a pleading will be construed against the pleader, that is, if the meaning of the words be equivocal and two meanings present themselves that construction is to be adopted which is most unfavorable to the party pleading, on the theory that it will be presumed that the pleader has-stated his case as strongly as he can.   *   *   *   But even under this code rule, while the pleader is to be given the benefit of every allegation made or reasonably implied from the language employed, the principle at the base of the common-law rule that the party is presumed to have stated his case as strongly as the facts will justify still prevails. And a fact is not well pleaded when it is to be inferred only as a conclusion from other facts stated which are not inconsistent with an opposite conclusion.''

31 Cyc. 78 etc.

The allegations in the declaration tend to the view that the road was being put in condition for the public to use, rather than that it was, at the time actually in use by the public.   Under the rule above quoted, our construction of the declaration necessarily is that the road was not at the time open for use by the public.

Counsel for plaintiff further stated that the road was in fact a public road in use by the public at the time of plaintiff's injury; that the sufficiency of the allegations in this respect were not questioned in the argument before the circuit court; and that the demurrer was sustained on the theory that no cause of action was pleaded against the defendants under *Conrad* v. *B. & O. Ry. Co.* 64 W. Va. 176.

If the road at the place the plaintiff was injured was really open to the use of the public, we are of opinion that the defendants were negligent in leaving the scraper in the position stated in the declaration. This case can clearly be differentiated from *Conrad* v. *B. & O. Ry. Co.*, wherein this court refused to follow the so-called ''turn-table'' doctrine. The

turn-table was on private property, the one injured thereby was at a place where he had no right to be, and the only duty owed him under such circumstances was not to injure him wilfully. The rule in *Conrad* v. *B. & O. Ry. Co.* has no application to an injury occurring in the public road where the one injured *had a right to be.*

In the early English case of *Lynch* v. *Nurdin,* 1 Q. B. 30, it was held that the defendant was liable in an action on the case where he had negligently left his horse and cart unattended in the public street, and the plaintiff, a child 7 years old, who had climbed on the cart, was thrown therefrom and injured. The court stated that the plaintiff had no right to climb upon the defendant's cart, yet, in doing so, he merely indulged the natural instinct of a child to amuse himself, and that the defendant could not excuse his own negligence on that ground.

That decision has been generally followed in the states in cases involving injuries occurring in like manner on the public highway to children of tender years. Beach on Contributory Negligence, par. 140; Wharton on Negligence, par. 315; Sutherland on Damages, par. 19.

> "Where the defendants negligently leave exposed in a public place, unsecured, unguarded, and unattended, a dangerous machine, likely to attract children, excite their curiosity, and lead to their injury, while they are pursuing their childish instincts, a child of tender years, injured by said machine while meddling with it, is entitled to recover damages for the injury inflicted."

> *Westerfield* v. *Levis,* 9 So. (La.) 52.
> (Note: The public place referred to was a public street.)

> "One who maintains in a place where children of tender years have a right to be an object or condition which he knows or ought to know is likely to attract them to interfere therewith to their peril, owes a duty of ordinary care to prevent injury to such children.
> "Neither the fact that a child is using the public street as a playground, nor the fact that it is a trespasser in interfering with a rope and pulley there in use, absolves the owner of such appliances

from his duty of ordinary care for the safety of such child.''

*Kelly* v. *Southern Wis. R. Co.* 152 Wis. 328.

See generally opinion in *Thornburg* v. *City & Elm Grove Ry. Co.*, 65 W. Va. 379.

We therefore uphold the ruling of the lower court on the demurrer but extend to the plaintiff the right to amend her declaration.

*Affirmed and remanded.*