R. B. VAUGHT *v.* ERNEST L. BAILEY, *State Road Commissioner*

(No. 8012)

Submitted July 24, 1934. Decided July 31, 1934.

*Richardson, Sanders & Kemper,* for relator.

*Homer A. Holt,* Attorney General, and *Ira J. Partlow,* Assistant Attorney General, for respondent.

LITZ, JUDGE:

R. B. Vaught seeks a writ of mandamus to compel Ernest L. Bailey, State Road Commissioner, to issue to him a certificate of title and registration plates for a new Ford automobile purchased by relator in Virginia, July 18, 1934, for $649.00. The respondent has refused to issue the certificate of title and license plates without the payment of an amount equivalent to two per cent on the purchase price of the car in addition to the regular registration fee and license tax, claiming justification for his action under Chapter 66, Title II, section 3, Acts (Second Extraordinary Session) 1933 requiring two per cent "consumers tax" on sales of commodities, to be paid by the purchaser, and especially the proviso, therein, that "no registration license shall be issued by the state road commissioner for the operation of any automotive vehicle in this state other than for those vehicles which are licensed at the effective date of this act, or which may have hitherto been licensed and the applicant for license is the same person in whose name license had previously been issued, unless and until the tax upon such vehicle, *as provided by this section,* has been paid: and provided further that no transfer of title for the operation of any automotive vehicle shall be issued by the state road commissioner unless and until the tax upon said vehicle, *as provided in this section,* has been paid." The consumers tax is limited, by the language of the act, to sales within this state.

Relator contends (1) that the statute does not authorize the road commissioner to collect an increased regis-

tration or license tax upon automotive vehicles purchased in other states; and (2) that such authority, if attempted to be conferred by the Legislature, would be unconstitutional.

As the act, upon its face, limits the tax to sales within the state, it is unnecessary to consider the constitutional question.

Respondent does not contend that a consumers tax, as such, can be imposed on an article purchased without the state. He takes the position that the term "consumers tax" is improper nomenclature as used in this instance; and that he has a right to demand of the petitioner, in addition to the regular license fees, a tax for the privilege of registering his car in this state, etc., the additional privilege tax to be measured by the amount of the consumers tax, as provided in said section 3. The contention is ingenious. But Title II of the Act is styled "General Consumers Sales Tax"; and consonant with the title, section 3 thereof imposes the tax on a purchase, whether the purchaser ever makes any use whatever of his purchase. Therefore the tax is not a use (privilege) tax, but is a sales tax pure and simple. Besides, as already specified, the statute does not authorize the road commissioner to increase the privilege tax upon cars purchased outside the state. If it did, the authority admittedly would be unconstitutional. Since the statute applies only to sales in West Virginia, the tax cannot be imposed directly or indirectly on the vehicle in question.

The writ will accordingly issue.

*Writ issued.*