UNITED SHOE REPAIRING MACHINE COMPANY, *A Corporation*
v. J. W. CARNEY

(No. 8122)

Submitted April 17, 1935. Decided April 30, 1935.

*R. E. Hughes,* for plaintiff in error.

*Brown, Jackson & Knight* and *Campbell, McClintic & James,* for defendant in error.

HATCHER, JUDGE:

This is an action in detinue, brought for the purpose of recovering certain machinery leased to the defendant. He filed a plea in abatement, alleging that plaintiff was a Maine corporation doing business in West Virginia without becoming domesticated as required by statute, and under Code, 31-1-79, was not entitled to sue in the courts of this state. A demurrer to the plea was sustained. Plaintiff then proceeded to trial, obtaining a verdict and judgment. Defendant prosecutes error here on the strength of his plea.

In addition to the allegations above referred to, the plea avers that plaintiff licenses persons in West Virginia to use certain machines, "located in the state," and that in February, 1928, the defendant entered into a written agreement with plaintiff at the City of Huntington under which he became plaintiff's licensee for the purpose of using within the state an "outsole lockstitch" machine and an "awl pointing" attachment. The agreement, made a part of the plea, consists of two separate parts, one relating to the machine and the other to the attachment. The former is a formal contract signed by both parties. The latter is an order signed by defendant alone. The contract states that the agreement is made at Patterson, New Jersey, authorizes the defendant to use the lockstitch machine "now or hereafter delivered" to him, prescribes the terms of the lease, and provides that when

the lease is ended the defendant "shall forthwith deliver such machine to the United Company (the plaintiff) at Beverly, Massachusetts." The order simply requests delivery of the attachment to defendant at Huntington, agrees to certain conditions, and promises that "all transportation charges with respect to said attachment from and to your place of shipment at Beverly, Massachusetts, shall be paid by the undersigned (the defendant)."

We recognized in *Underwood Co.* v. *Piggott,* 60 W. Va. 532, 540, 55 S. E. 664, that the statutory provisions affecting the business of a foreign corporation in West Virginia did not apply to interstate transactions. "That a statute," said the opinion, "intended to place restraint upon such transactions, in the form of an inhibition to sue or otherwise, would be unconstitutional and void is established by the decisions of all courts without any exceptions." A large number of cases are there cited. The test of interstate commerce fixed by the federal courts is "importation into one state from another." They say further "every negotiation, contract, trade and dealing between citizens of different states which contemplates and causes such importation * * * is a transaction of interstate commerce." *Butler Bros.* v. *Rubber Co.,* 156 Fed. 1, 17; *International Co.* v. *Pigg,* 217 U. S. 91, 107, 30 S. Ct. 481. That ruling has been specifically applied to cases where, in connection with the making of a lease, a movement of goods in interstate commerce was required. *Binderup* v. *Pathe Exchange,* 263 U. S. 291, 44 S. Ct. 96; *U. S. Mach. Co.* v. *U. S.,* 258 U. S. 451, 465, 42 S. Ct. 363; *Johnston* v. *Lamson Co.,* 159 Va. 666, 167 S. E. 417; *Pauline Co.* v. *Mutual Co.,* 118 Okla. 111, 246 P. 851; *Houston Co.* v. *Virginia Co.,* 211 Ala. 232, 100 So. 104; *Merg. L. Co.* v. *Hays,* (Mo. App.) 181 S. W. 1183.

A foreign corporation does business within this state when it engages in corporate activities of a local character which are wholly separate from interstate commerce. *Browning* v. *Waycross,* 233 U. S. 16, 22-23, 34 S. Ct. 578; *Eatonton Mills* v. *Goodyear Co.,* 208 N. Y. S. 218; *Typewriter Co.* v. *Piggott, supra,* 538-9 of 60 W. Va. Defendant's plea does not contain sufficient averment to show clearly that plaintiff's business is

of that character. The only allegations implying that defendant's transactions with plaintiff were local are that he entered into an agreement with it at Huntington to use certain machines which were located within the state. The plea can not be extended any by presumption, since the law supposes that defendant stated his case most favorably to his contention. *White* v. *Charleston*, 98 W. Va. 143, 126 S. E. 705; *Rine* v. *Morris*, 99 W. Va. 52, 53-4, 127 S. E. 908. Moreover, the agreement itself (made a part of the plea) must be preferred to averment tending to contradict it. See generally *Caswell* v. *Caswell*, 84 W. Va. 575, 100 S. E. 482; *Hawkinberry* v. *Metz*, 91 W. Va. 637, 114 S. E. 240. The agreement states that it is made in New Jersey. It does not name the location of the lockstitch machine at that time, but it does provide that when the lease terminates, the machine is to be delivered to the plaintiff at Beverly, Massachusetts,—thus arranging for an interstate shipment later. The order for the awl pointing attachment, in agreeing to pay transportation charges from and to Beverly (the place of shipment), clearly contemplates an interstate transaction. Therefore, the agreement contradicts the implication that plaintiff's business is purely local.

The ruling of the circuit court on the plea is sustained and the judgment affirmed.

*Affirmed.*