The Ravenna Furnace and Heating Company *v.* Dora Cotts *et al.*

(No. 9359)

Submitted September 3, 1942. Decided October 13, 1942.

*James T. Miller,* for appellant.
*Martin Brown,* for appellee.

Fox, President:

Appellant, Dora Cotts, complains of a decree of the Circuit Court of Marshall County, entered on March 4, 1942, by which a lien of $701.30 was decreed to exist on certain real estate claimed to be her property.

The bill, filed at April Rules, 1941, alleges that on or about the 30th day of May, 1938, one R. J. Cotts appeared at the office and place of business of the plaintiff in the

State of Ohio, and represented that he was the owner of a certain lot described as Lot "D" in a subdivision of the Newman farm, Glendale, West Virginia, and then and there purchased from the plaintiff a heating furnace to be installed in a building he was then erecting on said lot, and for which he agreed to pay the sum of $600.00.

The furnace was later delivered and installed. Still later; R. J. Cotts executed to the plaintiff his note for $600.00, and made a payment of $31.00 thereon. R. J. Cotts died on the 7th day of October, 1940, leaving the balance due on his note unpaid and his estate insolvent; and the amount due thereon, with interests, as of the date of the decree herein, is $701.30.

The bill further alleges that at the date of the purchase of the furnace, the' legal title to the said lot "D" was vested in one Orville Suter. That subsequent to such purchase, and on August 2, 1938, the said Orville Suter and Rose C. Suter, his wife, at the instance of R. J. Cotts, conveyed said lot, along with other property, to Dora Cotts, the defendant herein, and the wife of R. J. Cotts. It is alleged that R. J. Cotts was in fact the owner of the said lot, and that the conveyance made by the Suters to Dora Cotts was made with intent and purpose to cheat and defraud the plaintiff, and that Dora Cotts combined and conspired with R. J. Cotts to cheat and defraud the plaintiff by having it install the furnace in the dwelling house located on the lot aforesaid, referred to in the allegation as "her said dwelling house." It is averred that after the death of R. J. Cotts, payment of the purchase price of the furnace so installed was demanded of Dora Cotts. Upon her refusal to meet this demand, this suit was instituted. The prayer of the bill is that plaintiff may have a decree against Dora Cotts for the amount of the said indebtedness; that the same be declared a lien against the dwelling house and lot of land on which the same is located, and for general relief.

There was a demurrer to the bill on the part of Dora Cotts, and the same being overruled, she filed her answer. Orville Suter and Rose C. Suter filed their answer dis-

claiming that they ever had any interest in lot "D" herein involved, and stating that Orville Suter took title to said lot at the instance of R. J. Cotts, and that he made a conveyance thereof to Dora Cotts, in which his wife joined, at the instance and request of R. J. Cotts. Evidence was taken on some features of the bill, and on March 4, 1942, a decree was entered ascertaining the amount to be due the plaintiff for the furnace aforesaid as the sum of $701.30, and finding that the plaintiff had a binding and subsisting lien on the lot of land "D" aforesaid, and the dwelling house erected thereon, for the amount aforesaid. It was further decreed that unless said Dora Cotts should pay such claim, with interests, within thirty days thereafter, said lot and buildings should be sold by a special commissioner appointed for that purpose.

It will be observed that the bill begins by alleging the representation of R. J. Cotts that he was the owner of lot "D" in question. It then avers that thereafter the said lot was conveyed to Dora Cotts, wife of R. J. Cotts. Then follows the allegation that the conveyance to Dora Cotts was made with intent to defraud the plaintiff, and that Dora Cotts participated therein. We have, therefore, allegations which, if sustained by proof, would establish a case of fraudulent conveyance, which a court of equity would avoid. While this is true, we do not think any relief can be based upon that phase of the record as it stands, for two reasons: (1) there is no proof of the fraud alleged as to the conveyance aforesaid, and (2) we think that as a preliminary to any relief on that ground, the personal representative, heirs and known creditors of R. J. Cotts, then deceased, should have been made parties. Code, 44-8-7. There is the further impediment to relief that no such relief was prayer for, and relief along another line was definitely asked for.

We come to the relief actually prayed for, that is, for a decree against Dora Cotts, and have same adjudged a lien on lot "D" and the building located thereon. There could, of course, be no personal decree against Dora Cotts, but under certain circumstances, a decree against the

property involved would be warranted. The court apparently took this view, and did not enter a personal decree against Dora Cotts, but ascertained the amount due and did declare it to be a lien on lot "D" as her property, and provided for its sale. This can only be justified on the assumption that the court ignored the allegation of fraud in the conveyance of the property in question, and held the title thereto to be vested in Dora Cotts.

The principle which supports such a decree is laid down in *Bank* v. *Wilson,* 24 W. Va. 241; *Burt* v. *Timmons,* 29 W. Va. 441, 2 S. E. 780, 6 Am. St. Rep. 664, and *Humphreys* v. *Spencer,* 36 W. Va. 11, 14 S. E. 410. In the last cited case, this Court held: "Money expended by a husband in permanent improvements on land which is the wife's separate estate, though expended without fraudulent intent in fact, may be charged on such land for debts existing when such improvements were made." The improvements which come within the rule announced in this case are usually understood to refer to permanent improvements. "What are 'permanent improvements' is a mixed question of law and fact, depending largely upon the circumstances of each case, and improvements which might be deemed permanent in certain surroundings would be of no value in other circumstances because unsuitable for the ordinary use of the property." *Prichard* v. *Williams,* 178 N. C. 444, 101 S. E. 85. This citation so clearly states the rule that nothing further need be said, except that we are of the opinion that the installation of a heating furnace in a residence is, under ordinary circumstances, a permanent improvement, and will be so treated, unless facts are developed which would require a different holding.

But even where allowance is made for permanent improvements, the actual cost thereof is not the controlling factor. The amount which can be allowed therefor is the enhanced value of the property after the improvements are made. In *Haymond* v. *Camden,* 48 W. Va. 463, 37 S. E. 642, it was held that "In case permanent improvements are allowed, it is the enhanced value thereof to the landowner, and not the cost thereof to the claimant, that

furnishes the measure of allowance." To the same effect is *Porter* v. *Shaffer*, 147 Va. 921, 133 S. E. 614; *Humphreys* v. *Spencer, supra*. These cases are not similar on all points to the case at bar, but we think it a safe rule to follow that in all cases where recovery is sought for improvements, not shown to have been placed on land at the instance of the owner, the amount of the enhancement of the value created by the improvements is the correct measure of recovery. In this case, the purchase price of the furnace in question is shown. There is no testimony whatever as to the increased value, if any, created by its installation. Of course, the cost of the improvement should be considered as an element of value, but it is not the controlling one, and we think it was error in the court to enter the decree it did in the absence of some showing as to the enhancement of the value of the property in question, occasioned by the installation of the furnace.

One point of the demurrer was that the plaintiff, not having qualified to do business in this state, could not maintain this suit. We think this was a sale in interstate commerce, and that the plaintiff had the right to maintain its suit.

Another point is the alleged inconsistency of the allegations in the plaintiff's bill. We agree with defendants' counsel that the grounds of relief relied on are uncertainly stated, and inasmuch as the case will have to be remanded, we suggest that the plaintiff make a clearer statement of the actual grounds on which it relies for relief. If it seeks to rely upon the ground of fraudulent conveyance, new parties must be brought into the suit, and, of course, proof supplied of fraudulent conduct, if any. If the ownership of the real estate involved is admitted to be in Dora Cotts, then before there can be any recovery, there must be a showing of the amount of added value to the property in question.

It results from the foregoing that the decree of the Circuit Court of Marshall County is reversed and the cause remanded for further development.

*Reversed and remanded.*