JACK NUCKOLS, COMMISSIONER, *etc.*

*v.*

LORA D. ATHEY

(No. 12340)

Submitted September 17, 1964.     Decided October 20, 1964.

*C. Donald Robertson,* Attorney General, *Thomas B. Yost,* Assistant Attorney General, for appellant.

*Steptoe & Johnson, Charles W. Yeager, Buckmaster, White, Mindel & Clarke, George W. White, Jr.,* Baltimore, Md., for appellee.

CALHOUN, JUDGE:

This case is on appeal from the final judgment of the Circuit Court of Kanawha County entered in a declaratory judgment action instituted in that court to test the constitutionality of a portion of Chapter 17A, Article 3, Section 4 of Code, 1931, as amended, which statute deals with motor vehicles. The portion of the statute which is pertinent to this case is as follows:

> "* * * A tax is hereby imposed upon the privilege of effecting a certification of title of each vehicle in the amount equal to three per cent of the value of said motor vehicle at the time of such certification. If the vehicle is new, the actual purchase price or consideration to the purchaser thereof shall be the value of said vehicle; if the vehicle is a used or second-hand vehicle, the present market value at time of transfer or purchase shall be deemed the

value thereof for the purpose of this section: Provided, however, that *if said motor vehicle is purchased in the state of West Virginia,* so much of the purchase price or consideration as is represented by the exchange of other vehicles on which the tax herein imposed has been paid by the purchaser shall be deducted from the total actual price or consideration paid for said vehicle, whether the same be new or second-hand; if the vehicle be acquired through gift, or by any manner whatsoever, unless specifically exempted in this section, the present market value of the vehicle at the time of the gift or transfer shall be deemed the value thereof for purposes of this section. * * * The total amount of revenue collected by reason of this tax shall be paid into the state road fund and expended by the state road commissioner for matching federal aid funds allocated for West Virginia. * * *." (Italics supplied.)

The italicized words were added to the statute by Acts of the Legislature, Regular Session, 1959, Chapter 101, Article 3, Section 4. The assertion of unconstitutionality relates to the language thus added by the 1959 amendment.

Lora D. Athey, the defendant, is a resident of Keyser, Mineral County, West Virginia. On or about October 20, 1961, she went to Cumberland, Maryland, and there purchased a 1962 Cadillac automobile. The full purchase price was $5,535.77, but the defendant traded to the seller a 1960 Cadillac automobile for which she was given an allowance of $3,835.34, leaving a balance of $1,700.43. She paid a tax to the department of motor vehicles in the sum of $166.07, representing three per cent on the full purchase price, for the privilege of effecting a certification of title in West Virginia, pursuant to the provisions of the statute previously quoted.

By a letter dated September 17, 1962, and written pursuant to the provisions of Code, 1931, 11-1-2a, as amended, the defendant applied to the plaintiff, Honorable Jack Nuckols, commissioner of motor vehicles, for a refund of the sum of $166.07, the full amount of the tax paid by her; or, in the alternative, for a refund of the sum of $115.06, representing the amount of the tax computed on the value of the automobile which she traded to the Maryland dealer. The

commissioner by letter declined to make a refund. By a subsequent letter, the defendant demanded that the commissioner institute a declaratory judgment action against her in a court of competent jurisdiction, pursuant to the provisions of Code, 1931, 11-1-2a, as amended, to determine whether the tax or any part of it was unlawfully collected.

Pursuant to the demand made by the defendant, the commissioner instituted a declaratory judgment action in the Circuit Court of Kanawha County for the purpose of having a determination whether the method of computing the tax as prescribed by the statute is in violation of the "equal and uniform" provision of Article X, Section 1 of the Constitution of West Virginia or in violation of the "commerce clause" of Article I, Section 8 of the Constitution of the United States. The defendant filed an answer in which she admitted the truth of all factual allegations of the complaint. There being no factual dispute, the defendant moved for summary judgment on the pleadings.

In granting summary judgment in favor of the defendant, the trial court held that the words, "if said motor vehicle is purchased in the state of West Virginia," appearing in the statute, are repugnant to and in violation of Article I, Section 8 and the Fourteenth Amendment of the Constitution of the United States, and also repugnant to and violative of Article X, Section 1 of the Constitution of West Virginia; that such language is, therefore, void and of no effect; that the provisions of the statute are separable so that the remainder of it remains effective; and that the defendant is entitled to a refund of the sum of $115.06, representing the tax computed on the value of the automobile which she traded to the dealer in Maryland. From the judgment of the circuit court embodied in an order dated January 7, 1964, the commissioner has been granted an appeal to this Court.

It is firmly established that a court has a duty to attempt to find a proper basis for upholding a legislative enactment when its constitutionality is assailed, but also a duty to declare it invalid if it is clearly unconstitutional. *State ex rel. Slatton* v. *Boles, Warden,* 147 W. Va. 674, 130 S. E. 2d

192; *Tanner* v. *Premier Photo Service, Inc.,* 147 W. Va. 37, 125 S. E. 2d 609; *State* v. *Schoonover,* 146 W. Va. 1036, 124 S. E. 2d 340; *Appalachian Power Co.* v. *The County Court of Mercer County,* 146 W. Va. 118, 118 S. E. 2d 531; *Board of Education of Wyoming County* v. *Board of Public Works,* 144 W. Va. 593, 109 S. E. 2d 552; *State ex rel. Winter* v. *Brown,* 143 W. Va. 617, 103 S. E. 2d 892; *Kanawha County Public Library* v. *The County Court of Kanawha County,* 143 W. Va. 385, 102 S. E. 2d 712.

The constitutionality of a statute may be determined in a declaratory judgment action. *Robertson* v. *Hatcher,* 148 W. Va. 239, 135 S. E. 2d 675; *Farley* v. *Graney,* 146 W. Va. 22, pt. 2 syl., 119 S. E. 2d 833; *Appalachian Power Co.* v. *The County Court of Mercer County,* 146 W. Va. 118, 118 S. E. 2d 531; *Board of Education of Wyoming County* v. *Board of Public Works,* 144 W. Va. 593, pt. 1 syl., 109 S. E. 2d 552.

In *Vaught* v. *Bailey, State Road Commissioner,* 115 W. Va. 317, 175 S. E. 783, this Court held that the consumers sales tax statute (Code, 1931, Chapter 11, Article 15, as amended) cannot be applied to the purchase of an automobile outside this state and that the payment of the consumers sales tax on the purchase price of such an automobile cannot be required, as a prerequisite to the right of the purchaser to have the automobile registered in this state. See also 15 C.J.S., Commerce, Section 112b, page 467. By way of dictum, the Court indicated in the *Vaught* case that a tax statute such as that involved in this case would be regarded as valid if nondiscriminatory in its provisions. Thereafter, in 1951, the legislature enacted the statute referred to previously herein which imposes a tax "upon the privilege of effecting a certification of title" to a motor vehicle registered under the laws of this state.

Taxes of this character, which are referred to as use taxes, are in force in many states. "The tax upon the use after the property is at rest is not so measured or conditioned as to hamper the transactions of interstate commerce or discriminate against them." *Henneford* v. *Silas Mason Co., Inc.* 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814. See also *Halliburton Oil Well Cementing Co.* v. *Reily,* 373 U. S. 64, 83 S.

Ct. 1201, 10 L. Ed. 2d 202; 15 C.J.S., Commerce, Section 112a, page 466 and Section 112h, page 470. It is not contended, therefore, that the statute is unconstitutional in its entirety, or that a tax may not be imposed legally by this state "upon the privilege of effecting a certification of title" of a motor vehicle purchased outside this state. The contention of unconstitutionality relates specifically and solely to the phrase, "if said motor vehicle is purchased in the state of West Virginia." The precise contention made in behalf of the defendant is that there should be refunded to her the sum of $115.06, representing that portion of the tax which was computed on the value of the automobile traded to the dealer in Maryland. That is to say, the contention made in behalf of the defendant is that the questioned language of the statute is discriminatory in nature, and that, therefore, the tax should be computed exactly as it would have been if she had purchased the automobile in this state.

Counsel for the defendant, in contending that the words added by the 1959 amendment are unconstitutional, place primary reliance on the commerce clause of the Constitution of the United States. Counsel for the plaintiff assert (1) that the transaction involved in this case did not constitute interstate commerce; (2) that, even if such transaction did constitute interstate commerce, the tax in question does not directly or substantially affect such commerce; and (3) that the classification, based on purchases within the state and purchases outside the state, is a reasonable classification and, therefore, valid.

The Constitution of the United States uses the word "commerce" but does not define it. "Interstate commerce," as construed by the courts, represents a term of wide implications and ramifications. 15 Am. Jur. 2d, Commerce, Sections 1-3, pages 630-634; 15 C.J.S., Commerce, Sections 1 and 2, pages 256-259. "The word 'commerce' as used in the Constitution of the United States has not a technical, but a practical, meaning. It is in no wise limited to sales, but includes many other dealings between points in different states which produce a movement of goods across state lines." *Harper* v. *Alderson,* 126 W. Va. 707, 713-14, 30 S.

E. 2d 521, 524. *In United Shoe Repairing Machinery Co. v. Carney*, 116 W. Va. 224, 226, 179 S. E. 813, 814, the Court stated: "The test of interstate commerce fixed by the federal courts is 'importation into one state from another.' They say further 'Every negotiation, contract, trade and dealing between citizens of different states which contemplates and causes such importation * * * is a transaction of interstate commerce.'" *Ravenna Furnace and Heating Co. v. Cotts*, 124 W. Va. 750, 22 S. E. 2d 371, was a case in which a resident of West Virginia went to Ohio where he purchased a heating furnace for installation in his home in this state. The furnace was later delivered and installed by the seller. The Court held that "this was a sale in interstate commerce, * * *." See also *Jennings v. Big Sandy & Cumberland Railroad*, 61 W. Va. 664, pt. 2 syl., 57 S. E. 272.

"The terms 'commerce,' 'interstate commerce,' and 'commerce among the states' or 'commerce among the several states' embrace business or commercial intercourse in any and all its forms and branches and in all its component parts between citizens of different states, and may embrace purely social intercourse between citizens of different states, as over the telephone, telegraph or radio, or the mere passage of persons from one state to another for social intercourse or pleasure. Indeed, commerce is said to include not only the fact of intercourse and traffic, but also the subject matter thereof, which may be either things, goods, chattels, merchandise, or persons." 15 C.J.S., Commerce, Section 1, pages 257-58. See also 15 Am. Jur. 2d, Commerce, Sections 2 and 3, pages 631-34. "The term 'commerce' includes the purchase, sale, and exchange of goods. But in order for a sale or exchange of goods to constitute interstate commerce, there must be a transportation or shipment of commodities from one state to another." 15 Am. Jur. 2d, Commerce, Section 31, page 666.

We believe there can be no doubt of the fact that the business transaction involved in this case, considered in its entirety, constituted interstate commerce. The defendant took her automobile from West Virginia into Maryland, there

transferred ownership of it, bought a new automobile and returned it from Maryland to West Virginia.

The transaction in this case, involving citizens of two states, the transportation of two automobiles across the state line, and the transfer of ownership of both motor vehicles, presents a clear case of interstate commerce even though the new automobile purchased by the defendant, upon its transportation to West Virginia, ceased to be involved in interstate commerce and became a part of the mass of property in this state.

"As soon as property arrives in the state and, by delivery to the consignee, is held by such consignee for personal use or for sale, it becomes subject to taxation as property within the state so long as it is not discriminated against on account of having come from another state." 15 Am. Jur. 2d, Commerce, Section 59, page 703. A nondiscriminatory tax imposed by a state on the use of property formerly a subject of interstate commerce is valid. *General Trading Co.* v. *State Tax Commission of the State of Iowa,* 322 U. S. 335, 64 S. Ct. 1028, 88 L. Ed. 1309; 15 C.J.S., Commerce, Section 112, page 466. "A tax upon the privilege of use or storage when the chattel used or stored has ceased to be in transit is now an impost so common that its validity has been withdrawn from the arena of debate." *Henneford* v. *Silas Mason Co., Inc.,* 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814. See also Anno. 153 A.L.R. 610; Anno. 129 A.L.R. 222; 47 Am. Jur., Sales and Use Taxes, Section 43, page 250, and Section 45, page 251; *General Trading Co.* v. *State Tax Commission of the State of Iowa,* 322 U. S. 335, 64 S. Ct. 1028, 88 L. Ed. 1309.

"The purpose of a use tax is to compensate for the constitutional limitations of the sales tax and to prevent evasion of the sales tax by imposing a tax at the same rate and on the same base as that imposed by the sales tax law, the taxable event being the use, storage, or consumption of property within the state, rather than the sale of such property." Anno. 85 A.L.R. 2d 1043. See also 47 Am. Jur., Sales and Use Taxes, Section 42, page 249; *Henneford* v. *Silas Mason Co., Inc.,* 300 U. S. 577, 57 S. Ct. 524, 81 L. Ed. 814. By Code,

1931, 11-15-9, as amended, sales of motor vehicles are specifically exempt from the consumers sales tax as follows:

"The following sales and services shall be exempt:     * * *

"(5) Sales of motor vehicles which are titled by the department of motor vehicles and which are subject to the tax imposed by section one, article seven, chapter seventeen of the Code; * * *."

It is obvious, therefore, that the use tax complements the consumers sales tax.

The constitutionality of the statute in question is free from doubt as to motor vehicles acquired both within and without the state, unless it discriminates against or impedes interstate commerce. "The test of the validity of a state taxing law is whether it may, in its practical operation, be made an instrument for impeding or destroying interstate commerce * * *." 10 M. J., Interstate Commerce, Section 12, page 649. This Court has consistently adhered to the principle that the state cannot impose any tax which discriminates against, impedes or has the effect of regulating interstate commerce. *Arslain* v. *Alderson,* 126 W. Va. 880, 30 S. E. 2d 533; *Bluefield Produce & Provision Co.* v. *City of Bluefield,* 120 W. Va. 111, 196 S. E. 568; *Eureka Pipe Line Co.* v. *Hallanan,* 87 W. Va. 396, 105 S. E. 506; *Pennywitt* v. *Blue,* 73 W. Va. 718, 81 S. E. 399.

We are not aware of any reported decision from any jurisdiction precisely in point for the proposition that the situation in this case involves a discrimination imposed by a state statute against interstate commerce. However, the following quotations from reported decisions are believed to be in point:

"The freedom of commerce which allows the merchants of each state a regional or national market for their goods is not to be fettered by legislation, the actual effect of which is to discriminate in favor of intrastate businesses, whatever may be the ostensible reach of the language." *Best & Co.* v. *Maxwell,* 311 U. S. 454, 457, 61 S. Ct. 334, 85 L. Ed. 275.

"A state tax upon merchandise brought in from another State, or upon its sales, whether in original

packages or not, after it has reached its destination and is in a state of rest is lawful only when the tax is not discriminating in its incidence against the merchandise, because of its origin in another state." *Sonneborn Brothers* v. *Cureton, etc.,* 262 U. S. 506, 516, 43 S. Ct. 643, 67 L. Ed. 1095.

"* * * it must be regarded as settled that no State can, consistently with the Federal Constitution, impose upon the products of other States brought therein for sale or use, or upon citizens because engaged in the sale therein, or the transportation thereto, of the products of other states, more onerous public burdens or taxes than it imposes upon the like products of its own territory." *Guy* v. *Baltimore,* 100 U. S. 434, 439, 25 L. Ed. 743.

"The tax is not upon the operations of interstate commerce, but upon the privilege of use after commerce is at an end.

"Things acquired or transported in interstate commerce may be subjected to a property tax, nondiscriminatory in its operation, when they have become part of the common mass of property within the state of destination." *Henneford* v. *Silas Mason Co., Inc.,* 300 U. S. 577, 582, 57 S. Ct. 524, 81 L. Ed. 814.

Other cases which are believed to be persuasive of the proposition that the questioned language of the statute discriminates against interstate commerce are as follows: *Halliburton Oil Well Cementing Co.* v. *Reily,* 373 U. S. 64, 83 S. Ct. 1201, 10 L. Ed. 2d 202; *Phillips Chemical Co.* v. *Dumas,* 361 U. S. 376, 80 S. Ct. 474, 4 L. Ed. 2d 384; *Memphis Steam Laundry* v. *Stone,* 342 U. S. 389, 72 S. Ct. 424, 96 L. Ed. 436; *Nippert* v. *City of Richmond,* 327 U. S. 416, 66 S. Ct. 586, 90 L. Ed. 760; *Darnell & Son Co.* v. *City of Memphis,* 208 U. S. 113, 28 S. Ct. 247, 52 L. Ed. 413; *Walling* v. *Michigan,* 116 U. S. 446, 6 S. Ct. 454, 29 L. Ed. 691; *Asher* v. *Ingels* (Cal.), 13 F. Supp. 654. "The commerce clause of the constitution, by its own force, prohibits a state from discriminating against foreign or interstate commerce, or persons engaged therein, or from burdening or interfering therewith by discriminating against the citizens and products of other states, even though the discrimination operates after the

property originating in another state has become a part of the mass of property in the state. * * *." 15 C.J.S., Commerce, Section 60, page 378.

We believe that the trial court correctly held that the phrase added to the statute by the 1959 amendment, as applied in this case, creates an unwarranted discrimination against interstate commerce in violation of Section 8 of Article I of the Constitution of the United States; that, therefore, that portion of the statute is unconstitutional and invalid; and that the defendant is entitled to a refund in the sum of $115.06, representing the amount of tax improperly collected from her on the value of the used automobile traded by her as a part of the price of the new automobile purchased by her in the State of Maryland. We deem it unnecessary to decide whether that portion of the statute violates any other constitutional provision.

The Court has recently held that where the valid and invalid provisions of a statute are so connected and interdependent in subject matter, meaning or purpose as to preclude the belief that the legislature would have enacted the one without the other, the whole statute must be declared to be invalid. *Robertson* v. *Hatcher,* 148 W. Va. 239, pt. 9 syl., 135 S. E. 2d 675. See also *State ex rel. Trent* v. *Sims,* 138 W. Va. 244, pt. 20 syl., 77 S. E. 2d 122. On the other hand, this Court has repeatedly held that a statute may contain constitutional and unconstitutional provisions, if such provisions are distinct and separable. *State* v. *Heston,* 137 W. Va. 375, pt. 6 syl., 71 S. E. 2d 481; *State* v. *Miller,* 145 W. Va. 59, pt. 4 syl., 112 S. E. 2d 472; *State ex rel. County Court of Cabell County* v. *Battle,* 147 W. Va. 841, pt. 6 syl., 131 S. E. 2d 730. See also *State ex rel. Heck's Discount Centers, Inc.* v. *Winters,* 147 W. Va. 861, 132 S. E. 2d 374, 384. The trial court correctly held that the constitutionally invalid phrase added to the statute by the 1959 amendment is separable within the meaning of the legal principles referred to immediately above and that the judicial declaration of its invalidity cannot be held to affect the validity of the remaining portion of the statute. As a matter of fact, as we have observed previously, the remaining portion con-

stituted the entire statute from the date of its enactment in 1951 until the invalid portion was added by amendment in 1959.

For reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*